## THE PALMAS.

### DALGARNO v. AMERICAN SUGAR REFINING CO.

(Circuit Court of Appeals, First Circuit. April 9, 1901.)

#### No. 351.

1. SHIPPING—CARGO DAMAGE—SEAWORTHINESS.

The chain locker of a steamship, which extended from the bottom to the main deck, was not water-tight, and during a voyage across the North Atlantic in winter sea water entered through the chain pipes, and damaged sugar which was stowed next the locker, without dunnage properly laid to protect it against leakage. The ends of the pipes on the forecastle deck had been stopped or covered at the beginning of the voyage, but not sufficiently to withstand the action of the seas which broke over such deck, although the weather was no worse than should reasonably have been anticipated at that season of the year. *Held*, that the ship was liable for the injury to the cargo.

2. SAME—IMPROPER STOWAGE—HARTER ACT.

The provision of the Harter act exempting a vessel from liability for damage or loss to cargo arising from faults or errors of navigation or the management of the ship does not concern the proper stowage of cargo at the port of lading.

Appeal from the District Court of the United States for the District of Massachusetts.

Lewis S. Dabney and Eugene P. Carver (Edward E. Blodgett, on the brief), for appellant.

Frederick Dodge (Edward S. Dodge, on the brief), for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This appeal grows out of a libel by the owner of sugar in bags, shipped by the Palmas. The decree of the district court was for the merchandise owner, and the vessel appealed. The vessel is a steel screw propeller of 1,598 net registered tons, and of about 4,300 tons "dead weight." She was seaworthy in all respects, unless as shown herein. She loaded at Hamburg with a general cargo, a large part of which was sugar; sailing from there on December 25, 1896, on a voyage to Boston via Newcastle. After taking coal at Newcastle, she sailed from there on December 30th, and arrived at Boston on January 18, 1897. She has a forecastle deck, on the top of which are located her windlass and her chain pipes, leading into her chain locker. The locker extends from the floor of the ship to her main deck, and it was built of tongued and grooved $2\frac{1}{2}$ inch plank. On sailing from Hamburg, the tops of the chain pipes were filled with bagging and oakum, pounded in tightly, and then covered with cement. This filling was broken out in anchoring at Newcastle; but, after leaving Newcastle, the chain pipes were again covered. On January 2, 1897, the vessel experienced heavy weather, and so continued for several days, with head seas, but, until the night of January 5th, no injury was done the covering. On that night, or the morning of January 6th, during a very heavy storm, the covering was, by force of the sea, crushed in, and sea water entered the chain locker, a part leaking through, and injuring the sugar in litigation.

Whether or not the chain locker, as originally constructed of tongued and grooved plank, was water-tight, or should have been, we are not required to determine. One of the witnesses for the libelant testifies that on examining the vessel at Boston it appeared that the seams of the locker were not caulked, and that they had opened so that he could look through between the planks at half a dozen different places. There is no suggestion in the record by which this evidence is contradicted. Neither is there any suggestion that the vessel was so strained during the voyage as to open the seams. Therefore we must assume that the locker was, in these respects, in the condition in which it was when the ship sailed from Hamburg.

The learned judge of the district court found that the bags of sugar were stowed against the locker, and that they were not properly protected in view of the fact that it was leaky. The vessel called the port warden of Boston, who testified that there was considerable dunnage between the locker and the sugar. His testimony, however, is, in this particular, of an indefinite character. It is apparent that, while he found considerable dunnage, he did not take careful notice how it was laid, or whether it was properly laid to protect the sugar against the leakage. We fully agree with the learned judge of the district court that, inasmuch as the locker was leaky, the sugar was not properly protected from the liability of injury from the leaks. We also agree with him that the weather which the steamer experienced was only such as she might reasonably have been required to provide against at that season of the year on the North Atlantic Ocean. With a vessel of her size, crossing the North Atlantic in the winter months, it is a matter of com-

mon knowledge that the forecastle deck is liable to be washed by very heavy seas. It is, therefore, plain that it was the duty of the vessel to provide against this contingency, and, if her chain locker was not water-tight, to find some covering which would certainly stand the heavy weather at that season, or dunnage properly laid to protect a perishable article like sugar from the consequences of an inundation of the character which experience shows may well be expected.

We may add that, if there could be any doubt that the proper stowage of a cargo at the port of lading does not concern "damage or loss arising from faults or errors of navigation or the management" of the vessel, within the provisions of the Harter act, the point was determined against the vessel in Knott v. Worsted Mills, 179 U. S. 69, 21 Sup. Ct. 30, 45 L. Ed. 90. We also will add that, with reference to making due provision for heavy weather on the North Atlantic in the winter months, the learned judge of the district court required of the Palmas no more than was required in The Edwin I. Morrison, 153 U. S. 199, 209, 211, 14 Sup. Ct. 823, 38 L. Ed. 688, and in The Majestic, 166 U. S. 375, 386–388, 17 Sup. Ct. 597, 41 L. Ed. 1039. We agree fully with his conclusions.

The decree of the district court is affirmed, with interest, and the costs of appeal are awarded to the appellee.