Rockingham, }
Nov. 6, 1917. }

### FRANK C. HIGGINS *v.* BOSTON & MAINE RAILROAD.

TROVER, by a shipper to recover under the federal statutes for damage to the goods shipped. Facts agreed as follows:

On January 20, 1915, the defendant accepted from the plaintiff at Exeter, N. H., for transportation, property worth $65, and agreed to deliver it in an undamaged condition to W. G. Hill, of Marquette, Michigan, issuing to the plaintiff a receipt or bill of lading therefor. The property was damaged in transit. July 28, 1915, the plaintiff received notice from the Duluth, South Shore & Atlantic Railway, saying, "the desk is still held in our warehouse refused by the consignee." Delivery was never made to the consignee, and at the time the action was begun Mr. Higgins was the rightful holder of the bill of lading. On August 10, 1915, the plaintiff made demand, upon the defendant, in writing.

The defendant claimed that because of the failure of the plaintiff to make demand within four months after the time when delivery should have been made, the action cannot be maintained.

Transferred, without a ruling, from the January term, 1917, of the superior court by *Sawyer*, J.

*Sleeper & Brown*, for the plaintiff.

*Albert R. Hatch*, for the defendant.

PEASLEE, J. The case comes up on agreed facts, which were apparently intended to present the question of the validity of a limitation of actions under the federal statute for damage to goods being transported in interstate commerce. The question is a federal one, and the provision in the uniform bill of lading, requiring notice of claims within four months, has been upheld by the court of last resort. *Georgia, &c., R. R. Co.* v. *Blish Milling Co.*, 241 U. S. 190; *Chesapeake & Ohio Ry. Co.* v. *McLaughlin*, 242 U. S. 142.

*Judgment for the defendant.*

All concurred.