Hillsborough,
June 28, 1923.

### Lambris Apostolou v. American Railway Express Co.

The provision in uniform bills of lading adopted in pursuance of the interstate commerce act and limiting recovery to claims presented within four months after delivery or after a reasonable time for delivery has elapsed is valid. Such presentation constitutes a condition precedent to a right of action against the carrier.

Case, to recover the value of goods accepted by defendant for carriage and lost in transit. Trial by jury. Transferred by *Branch*, J., upon the plaintiff's exception to an order of nonsuit.

On October 9, 1920, the defendant, a common carrier, received from the plaintiff at Manchester goods consigned to himself at Carditza, Greece, under the terms of a receipt signed in his behalf and given to and accepted by him by which the defendant undertook carriage to the express station nearest that destination. The contract provided in case of loss that "as conditions precedent to recovery claims must be made in writing to the originating or delivering carrier within four months after delivery of the property, or in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed." The plaintiff went to Greece, and upon his arrival called for the goods at Athens, that being the station nearest Carditza, and one day's travel distant therefrom, but they had not arrived. He remained near Carditza until July, 1921, when he returned to Manchester, where he later made repeated inquiries at defendant's office for the lost goods. The only written communication with the carrier in relation to the lost goods is a letter written in plaintiff's behalf dated March 17, 1922, addressed to the defendant at Manchester, calling attention to the shipment of October 9, 1920, and asking for a conference with its representative to consider a settlement.

*Thomas J. Bois*, for the plaintiff.

*Warren, Howe & Wilson*, for the defendant.

Snow, J. Common carriers subject to the provisions of the interstate commerce act are required "to establish, observe and enforce . . . just and reasonable regulations and practices affecting . . . the issuance, form and substance of . . . receipts and bills of lad-

ing . . ." act of February 4, 1887, *c.* 104, *s.* 1, as amended; act of June 29, 1906, *c.* 3591, *s.* 1; act of April 13, 1908, *c.* 143, and act of June 18, 1910, *c.* 309, *s.* 7; U. S. Comp. Stat. 1916, *s.* 8563 (6.) The receipt signed and accepted by the plaintiff was issued by the defendant in compliance with this statutory requirement and its construction presents a federal question. The validity of uniform bills of lading containing like provisions limiting recovery to claims presented within four months after delivery, or after a reasonable time for delivery has elapsed, has been sustained by the court of last resort. *Georgia &c Ry Co.* v. *Company,* 241 U. S. 190; *Chesapeake &c Ry Co.* v. *McLaughlin,* 242 U. S. 142; *Higgins* v. *Railroad,* 78 N. H. 609; *Ostroff* v. *Hustis,* 80 N. H. 141, 142.

The plaintiff contends, however, that inasmuch as the reasonableness of the time limited for the presentment of claims must depend on the character of the shipment, the situation of the parties and circumstances of each particular case, a question of fact is presented. It is a sufficient answer to this position that there is no evidence tending to show either that the condition was unreasonable or that there has been any attempt to comply with it. No reason is suggested by counsel, and none occurs to the court why plaintiff's claim might not have been readily presented in writing to either the originating or the delivering carrier within the stipulated four months after a reasonable time for delivery had elapsed. Instead, plaintiff's evidence shows that no notice of his failure to receive the goods was conveyed to the defendant for nine months after their shipment and that no written claim has ever been presented.

Plaintiff's contention that the failure of the defendant to notify him of the arrival of the goods at their destination was notice to it of the loss of the goods, and that therefore the purpose of the contractual requirement of the presentation of the claim within four months was thereby sufficiently complied with, is manifestly untenable. Plaintiff's position that proof of delivery and acceptance of the goods by the defendant and its failure to make delivery at the destination established a *prima facie* case, and imposed the burden upon the defendant to prove that the loss resulted from a cause for which it is not responsible, is no answer to the defence that he has failed to comply with an express condition precedent to his right of action.

*Exceptions overruled.*

All concurred.