Green, Judge,
delivered the opinion of the court:
The plaintiff in this case is an importer and in carrying on its business paid duties on goods imported from foreign countries during the years 1920 to 1924, inclusive. The amount of duty so paid was carried to a “ duty account” on Its books, and that part of the customs duties applicable to goods sold during a particular year was charged to plaintiff’s profit and loss account and deducted from income, while *426 the remaining amount ox customs duties paid during a particular taxable year was added to plaintiff’s inventory at the end of that year. This method was equivalent to adding the amount paid as duties to the cost of the goods and making its returns accordingly. During the four years in question plaintiff made its tax returns on this basis and paid taxes in accordance therewith. It now seeks to make amended returns which, instead of including the duties paid in the cost of goods, would deduct the amount of the duties from the gross income in the same manner as other taxes paid. The Commissioner of Internal Revenue refused to accept the amended returns made in this manner and to allow plaintiff’s claim for refund. The question involved in the case is whether the plaintiff, having originally made its returns as above stated, can now change its method for the years under consideration and thereby secure a refund of taxes.
The weight of authority is to the effect that where there are two methods of making an income-tax return, either one of which is legal and proper, and the taxpayer has made his return in accordance with one of these methods, then, if the return is accepted and taxes paid accordingly, the taxpayer can not subsequently change to the other method of making a return and thereby become entitled to a refund. But if there is only one legal and proper method of making a return and the taxpayer erroneously makes his return by some other method, then, even though the return has been accepted and the taxes paid, he may file an amended return correcting the error, and if this return shows an overpayment, he becomes entitled to a refund.
Counsel for defendant contend that there were two proper methods of making a return in the case at bar, and that the plaintiff could either add the duties paid to the cost of the goods imported and make its return accordingly, or it could deduct the amount of the duties paid- from its gross income and make its return on that basis. On behalf of the plaintiff, it is insisted that there was but one correct method of making the return, and that was to include the duties paid among the deductions from gross income.
*427 Regulations 45 and 62 made by the Commissioner of Internal Revenue prescribe the manner' of treating import duties in article 132, which is as follows:
“Art. 132. Federal duties and excise taxes. — Import or tariff duties paid to the proper customs officers, and business, license, privilege, excise and stamp taxes paid to internal revenue collector's, are deductible as taxes imposed by the authority of the United States, provided they are not added to and made a part of the expenses of the business or the cost of articles of merchandise with respect to which they are paid, in which case they can not be separately deducted.”
It is evident that under this-article either method might be used, and it would seem that the authorities on accounting lend some support to this regulation in that it appears that the method originally adopted by plaintiff is in accordance with good accounting practice. In article 23 of the above-mentioned regulations, it is said that:
“Approved standard methods of accounting will ordinarily be regarded as clearly reflecting income.”
The plaintiff, however, insists that there is no authority in law for the regulation or the method which it followed in originally making its returns, and in support of this contention cites a part of section 234 (a) (3) of the revenue acts of 1918, 40 Stat. 1077, and 1921, 42 Stat. 254, to the effect that taxes paid or accrued within the taxable year “ shall be allowed as deductions ” in computing the net income of a corporation.
This the plaintiff says is mandatory, and gives the commissioner no discretion. Hence it is said that any return purporting to set forth the taxable net income of a corporation is not correct if, in computing the taxable income, it does not show a deduction of all taxes paid or accrued within the taxable year, with certain exceptions not necessary to specify here.
We do not think this provision is mandatory. While it says that taxes paid shall be allowed as deductions, we think this means that they shall be so allowed if claimed as deductions from gross income and a benefit therefrom is not claimed in some other way. While the words “ to allow ” or *428 “ allowance ” do not necessarily refer to a case a claim has been made, the dictionaries indicate that it is frequently so used, and we think it was used in such a sense in that portion of the statute under consideration.
Items of expense in connection with the purchase of goods are almost invariably added to the cost of goods by accountants; and when it becomes necessary to determine a cost of goods for the purpose of making an income-tax return, there would ordinarily be no question of the propriety of thus making up the account for income-tax purposes. The plaintiff made up its inventory on the basis of cost. While the question is not free from doubt, we think that it might properly do so and make its returns accordingly.
It follows that plaintiff’s petition must be dismissed, and it is so ordered.
Sinnott, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.