280 U.S. 412 (1930)
UNITED STATES
v.
AMERICAN CAN COMPANY.
UNITED STATES
v.
MISSOURI CAN COMPANY.
UNITED STATES
v.
DETROIT CAN COMPANY.
Nos. 128, 129, 130.
Supreme Court of United States.
Argued January 21, 1930.
Decided February 24, 1930.
CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.
*413 Solicitor General Hughes, with whom Assistant Attorneys General Willebrandt and Youngquist and Messrs. Millar E. McGilchrist, Claude R. Branch, Sewall Key, J. Louis Monarch, and Thomas J. Crawford, Special Assistants to the Attorney General, were on the briefs, for the United States.
Mr. Graham Sumner, with whom Messrs. L.A. Welles, John J. Treacy, and Adrian McCalman were on the briefs, for respondents.
*415 MR. JUSTICE McREYNOLDS delivered the opinion of the Court.
In the courts below these causes were heard together and one opinion here will suffice.
Respondent, The American Can Company, owned the entire capital stock of respondents Missouri Can Company and Detroit Can Company. All were incorporated under the laws of New Jersey and had their legal residences and principal offices therein. Their places of business were within the Second United States Internal Revenue District of New York. William H. Edwards, formerly Collector for that District, retired in 1921; Frank K. Bowers succeeded him. During Edwards' term he demanded and collected from these three corporations income and excess profits taxes for 1917 aggregating more than $5,200,000. Thereafter Collector Bowers exacted of them above $3,300,000 as additional income and excess profits taxes for the same year.
In January, 1926, respondents instituted actions against the United States in the District Court for New Jersey, as permitted under U.S. Code, Title 28, Sec. 41, par. *416 20 (Judicial Code, Sec. 24, par. 20; Revenue Act, Nov. 23, 1921, c. 136, Sec. 1310 (c), 42 Stat. 311; Revenue Act, February 24, 1925, c. 309, 43 Stat. 972). They sought to recover with interest more than $2,700,000 paid, as they alleged, to Edwards in excess of taxes properly assessable to them for 1917. Judgments against the United States for the amounts claimed were affirmed by the Circuit Court of Appeals, Third Circuit, March 5, 1929; and the matter is here upon certiorari.
They also sued Bowers, Collector, in the District Court, Southern District of New York, to recover the additional taxes for 1917 ($3,300,000) demanded by and paid to him. These suits involved the same questions as those presented in the causes now before us. Judgments went for Bowers, Collector. The Circuit Court of Appeals, Second Circuit, affirmed them November 4, 1929.
The opinions and judgments in the two Circuits upon the same facts are thus in direct conflict.
Pertinent provisions of the statutes and Treasury Regulations are printed in the margin.[*]
*417 The accounts of respondents were kept during 1917 not upon the basis of actual receipts and disbursements but upon the accrual basis  that is, pecuniary obligations *418 payable to or by the Company were treated as if discharged when incurred. Purporting to proceed as permitted by Sec. 13 (d), Title I, Revenue Act of 1916, they made returns to the Collector upon the same basis. The Commissioner ascertained that the books showed excessive inventory values and thereby indicated net incomes much too small. The valuation placed on large quantities of tin plate had been marked up from $3.60 per box to $7.00, and the higher rather than the lower cost of this raw material had been reported. Thereupon, he disallowed *419 the inflation, corrected the erroneous entries and made reassessments according to the returns so modified. Respondents claimed that this action amounted to rejection of the basis upon which their returns had been made. Also, that, after such rejection, no assessment could be made except one based upon receipts and disbursements; that is, upon amounts ascertained by deducting from gross income received, expenses paid out, losses charged off, interest, and taxes (Sec. 12, Act 1916). And further, that computation should be made without regard to inventories.
The District Court for New Jersey and the Circuit Court of Appeals, Third Circuit, accepting respondents' view, awarded and approved judgments against the United States aggregating some four million dollars. The result, we think, is manifestly erroneous. Upon the findings, judgments should have gone the other way.
The claims of respondents rest upon improper construction of par. (d), Sec. 13, Act. of Sept. 8, 1916. This provides that "a corporation . . . keeping accounts upon any basis other than that of actual receipts and disbursements, unless such other basis does not clearly reflect its income, may, subject to regulations. . . make its return upon the basis upon which its accounts are kept, in which case the tax shall be computed upon its income as so returned; . . ."
"Basis of keeping accounts" as there used refers to the general bookkeeping system followed by the taxpayer and not to the accuracy or propriety of mere individual items or entries upon the books. And to correct an improper item in a return  whether the result of mere error or designed  cannot properly be said to constitute rejection of the basis upon which the return was constructed. The statute empowers tax officers to make necessary rules and regulations and to take action essential to orderly *420 enforcement of the obligations imposed. Here, the taxpayers kept their accounts on the accrual basis and elected to make their returns accordingly. They cannot complain because an item therein was changed so as to conform with admitted facts. If their returns had been made on the basis of actual receipts and disbursements certainly they would have been subject to correction for errors without changing the basis; and the same thing is true of returns framed upon an accrual basis.
United States v. Anderson, 269 U.S. 422, 437, 440, 443, considered the meaning of Sec. 12 (a) and 13 (d), Act of 1916, and sustained the action of the Commissioner who had reassessed according to an adjusted return originally made upon the accrual basis.
We need not discuss the question whether under any circumstances the taxable income of a manufacturing or mercantile corporation can be ascertained without reference to inventory values. Certainly, in most instances where the taxpayer carries on an extensive business this cannot be done.
The challenged judgments are reversed. The causes will be remanded to the District Court for appropriate action in harmony with this opinion.
Reversed.
NOTES
[*] The Revenue Act of September 8, 1916, Sec. 10, imposed taxes reckoned upon the amount of income.

The Act of October 3, 1917, c. 63, 40 Stat. 300, 302, 303, 305, increased the income tax rates; also imposed an excess profits tax. It provided 
Title I, Sec. 4. "That in addition to the tax imposed by subdivision (a) of section ten of such Act of September eighth, nineteen hundred and sixteen, as amended by this Act, there shall be levied, assessed, collected, and paid a like tax of four per centum upon the income received in the calendar year nineteen hundred and seventeen and every calendar year thereafter, by every corporation, joint-stock company or association, or insurance company, subject to the tax imposed by that subdivision of that section. . . .
"The tax imposed by this section shall be computed, levied, assessed, collected, and paid upon the same incomes and in the same manner as the tax imposed by subdivision (a) of section ten of such Act of September eighth, nineteen hundred and sixteen, as amended by this Act, except, &c. . . .
Title II, Sec. 201. "That in addition to the taxes under existing law and under this act there shall be levied, assessed, collected, and paid for each taxable year upon the income of every corporation, partnership, or individual, a tax (hereinafter in this title referred to as the tax) equal to the following percentages of the net income: . . .
"Sec. 206. That for the purposes of this title the net income of a corporation shall be ascertained and returned . . . (c) for the taxable year upon the same basis and in the same manner as provided in Title I of the Act entitled `An Act to increase the revenue, and for other purposes,' approved September eighth, nineteen hundred and sixteen, as amended by this Act, except . . ."
The Act of September 8, 1916, 39 Stat. 756, 765, 766, 767, 770, 771, c. 463, provided 
Title I, Sec. 10. "That there shall be levied, assessed, collected, and paid annually upon the total net income received in the preceding calendar year from all sources by every corporation, joint-stock company or association, or insurance company, organized in the United States, no matter how created or organized but not including partnerships, a tax of two per centum upon such income; . . .
"Sec. 12 (a). In the case of a corporation, joint-stock company or association, or insurance company, organized in the United States, such net income shall be ascertained by deducting from the gross amount of its income received within the year from all sources" [Expenses, losses, interest, taxes.]
"Sec. 13 (a). The tax shall be computed upon the net income, as thus ascertained, received within each preceding calendar year ending December thirty-first: . . .
"(b) Every corporation, joint-stock company or association, or insurance company, subject to the tax herein imposed, shall, on or before the first day of March, nineteen hundred and seventeen,. . . render a true and accurate return of its annual net income in the manner and form to be prescribed by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, and containing such facts, data, and information as are appropriate and in the opinion of the commissioner necessary to determine the correctness of the net income returned and to carry out the provisions of this title. The return shall be sworn to by the president, vice-president, or other principal officer, and by the treasurer or assistant treasurer. The return shall be made to the collector of the district in which is located the principal office of the corporation, company, or association, where are kept its books of account and other data from which the return is prepared, . . .
"(d). A corporation, joint-stock company or association, or insurance company, keeping accounts upon any basis other than that of actual receipts and disbursements, unless such other basis does not clearly reflect its income, may, subject to regulations made by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, make its return upon the basis upon which its accounts are kept, in which case the tax shall be computed upon its income as so returned; . . ."
Treasury Decision No. 2609, promulgated December 19, 1917 
"(1). For the purposes of income and excess-profits tax returns, inventories of merchandise, etc., and of securities will be subject to the following rules:
"A. Inventories of supplies, raw materials, work in process of production, and unsold merchandise must be taken either (a) at cost or (b) at cost or market price, whichever is lower, provided that the method adopted must be adhered to in subsequent years, unless another be authorized by the Commissioner of Internal Revenue.
. . . .
"C. Gain or loss resulting from the sale or disposition of assets inventoried as above must be computed as the difference between the inventory value and the price or value at which sold or disposed of.
"(2). In all other cases inventories must be taken at cost or at value as of March 1, 1913, as the case may be."