## PATHE EXCHANGE, Inc., v. COMMISSIONER OF INTERNAL REVENUE.
### No. 285.

Circuit Court of Appeals, Second Circuit.

May 6, 1935.

Raymond B. Goodell, of New York City, for petitioner.

Frank J. Wideman, Asst. Atty. Gen. (Sewall Key, Norman D. Keller, and Thomas A. Carpenter, Sp. Assts. to Atty. Gen., of counsel), for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This proceeding involves the taxable year 1925 for which the petitioner and its subsidiary corporations filed a consolidated return under which the petitioner undertook to pay the consolidated income tax. The Commissioner determined a deficiency which the Board has confirmed. The sole question presented is whether one of the subsidiaries is entitled to deduct from its gross income customs duties paid during the year and entered on its books as an addition to the cost of imported merchandise which remained unsold at the end of the year.

The facts are not in dispute. Pathex, Inc., is a New York corporation and a subsidiary of the petitioner, Pathe Exchange, Incorporated. During 1925, the first year of its existence, Pathex imported a large quantity of cameras and film upon which it paid import duties of $249,605.69. On its books it entered such duties as part of the cost of the goods in inventory, but on the consolidated return it reported them as deductions from its gross income. The Board found that the method used by Pathex in making its return of income did not result in a double deduction, either by reason of the duties being otherwise deducted as an expense of the business or as being reflected in the inventory. Pathex dealt directly with the public and there were no intercompany transactions between it and the pe-

titioner. In determining the deficiency the Commissioner allowed the deduction of $86,314.88 representing duties paid by Pathex on goods imported and sold during the year, but disallowed the deduction of $163,290.81, the remainder of the duties paid by Pathex during the year. This produced the deficiency complained of.

All of the income tax acts have granted taxpayers the privilege of deducting from gross income "taxes paid or accrued within the taxable year," with certain exceptions not now relevant. Section 234 (a) (3) of the Revenue Act of 1926 (26 USCA § 986 (a) (3), is the applicable statute in the case at bar. Article 132 of Treasury Regulations 69, promulgated under the Revenue Act of 1926, provides that federal import duties and excise taxes are deductible as taxes " * * * provided they are not added to and made a part of the expenses of the business or the cost of articles of merchandise with respect to which they are paid, in which case they cannot be separately deducted." This regulation clearly recognizes that the taxpayer may either deduct import duties in the year when paid or may treat them as part of the cost of the imported goods, thereby reducing the profit thereon when the goods are sold, but he must avoid any duplication of the deduction. The petitioner contends that the taxpayer's election as to which method of treatment to use must be evinced by his return rather than by the entries on his books. The Commissioner on the other hand argues that once the duties have been charged to the cost of goods in inventory the taxpayer has made an irrevocable election not to deduct them as taxes. He relies upon section 212 (b) of the act (26 USCA § 953 (b), which requires that net income be computed "in accordance with the method of accounting regularly employed in keeping the books of such taxpayer," and upon section 205 of the act (26 USCA § 936) and Articles 1612 and 1613 of Regulations 69 relating to inventories.

The contention of the Commissioner cannot prevail. Section 212 (b) has reference to the general bookkeeping system employed by the taxpayer and is designed to enable taxpayers to keep their books and make their returns according to scientific accounting principles to insure that the return shall "clearly reflect the income." United States v. Anderson, 269 U. S. 402, 440, 46 S. Ct. 131, 70 L. Ed. 347; United States v. American Can Co., 280 U. S. 412,

419, 50 S. Ct. 177, 74 L. Ed. 518; Osterloh v. Lucas, 37 F.(2d) 277 (C. C. A. 9). This purpose is fulfilled whichever method allowed by Article 132 of charging off import duties the taxpayer may elect. There is nothing in the language of Article 132 to compel the conclusion that treatment of import duties on the taxpayer's books as cost of inventory constitutes an irrevocable election not to take deductions for them in the return. On the contrary, we think the article is more naturally read as referring to treatment of the duties in the return itself. The aim of the regulation is to avoid duplication of deductions, and the proviso that duties may not be separately deducted when they have already been added to the cost of the merchandise applies only when such cost is reflected in the return. The Board has found that the method used by Pathex did not result in a double deduction. Moreover, the practice of the Treasury Department has been not to consider entry of the item on the taxpayer's books as constituting an irrevocable election. 1 C. B. 109; VII 1 C. B. 124. Nor should section 212 (b) be construed to mean that items which have been capitalized on the taxpayer's books must necessarily be denied deduction from gross income on his return. Section 234 (a) of the act (26 USCA § 986 (a) unequivocably gives this privilege to taxes and interest even though they may be capital items.

The Commissioner further contends that under section 205 he has power to compel a taxpayer to take inventories on a basis conforming to the best accounting practice, and that such practice regards import duties as a necessary expense incurred in acquiring possession of the goods and to be added to the net invoice price. Whether this power is sufficiently broad to override section 234 (a) (3), which unqualifiedly allows taxes as deductions, we need not determine. Compare Central Real Estate Co. v. Commissioner, 47 F.(2d) 1036 (C. C. A. 5). Such power, if it exists, has not been exercised, since by Article 132 the Commissioner has expressly permitted the deduction of import duties as taxes, and recognized the charging of the payment to the cost of inventory as merely an alternative method. For reasons already stated, we have decided that the election between these alternatives may be evinced by the return. As the Board found that the duties were not reflected in the inventory, the return in question was proper and the deduction should have been allowed.

Le Bolt & Co. v. United States, 67 Ct. Cl. 422, relied upon by the Commissioner, is not contrary to the conclusion we have reached. There the taxpayer in his annual returns had consistently treated import duties as an additional cost of merchandise in inventory, and later sought to file amended returns in which the duties would be deducted from gross income in the same manner as other taxes. Since either method of treating duties was proper, the case came within the rule that "where there are two methods of making an income-tax return, either one of which is legal and proper, and the taxpayer has made his return in accordance with one of ·these methods, the taxpayer, if the return is accepted and the taxes paid, can not subsequently change to the other method [of making a return] and thereby become entitled to a refund." In the case at bar, Pathex is not seeking a change in methods, but has consistently returned duties as deductions from gross income.

The order is reversed.