166 U.S. 375
 17 S.Ct. 597
 41 L.Ed. 1039
 THE MAJESTIC.
 No. 163.
 March 29, 1897.
 
 Libelants, the Misses Potter and their maid, were passengers on the steamship Majestic, which sailed from Liverpool on January 20, 1892, and arrived at New York on the 28th. On disembarking, the contents of their trunks were found badly damaged by sea water, and this libel was filed in the district court for the Southern district of New York to recover for the loss.
 The libel alleged that the Oceanic Steam Navigation Company, owner of the Majestic, for a valuable consideration agreed to carry and transport libelants, with their personal baggage, to New York; and charged that the damage to the baggage was caused by negligence and want of proper care. The answer admitted the delivery of the baggage on board in good order, and its condition on arrival at New York, but put in issued the allegations of negligence and want of proper care. It set up certain stipulations as contained in the ticket under which libelants took passage, by which it was averred the ship was discharged of liability, or, in any case, was not liable for any injury beyond the amount of 10; and it finally alleged that the injury, if any, was caused by the act of God or the perils of the sea, and was in nowise caused or contributed to by the neglect or misconduct of any of its agents or servants.
 The so-called 'ticket' issued to the three libelants, omitting numbering and the display headings, was as follows:
 Cabin Passenger's Contract Ticket.
 These Directions and the Notices to Passengers below, form part of, and must appear on, each Contract Ticket.
 1. A Contract Ticket in this Form must be given to every Cabin Passenger engaging a Passage in a Passenger Ship from the United Kingdom to any place out of Europe, and not being within the Mediterranean Sea, under a penalty not exceeding 50.
 2. Unless the Passengers are to have a free Table, the Victualling Scale for the Voyage must be appended to the Contract Ticket.
 3. All the Blanks must be correctly and legibly filled in, and the Ticket must be legibly signed with the Christian Names and Surname, and Address in full of the Party issuing the same.
 4. The Day of the Month on which the Ship is to sailmust be inserted in Words and not in Figures only.
 5. When once issued, this Ticket must not be withdrawn from the passenger, nor any alteration or erasure made in it unless with his consent.
 British Steam-ship Majestic of 4,244 Tons register, to sail from LIVERPOOL, for NEW YORK, on the twentieth day of January, 1892.
 NAMES No. of Persons IN CONSIDERATION of the sum of 124 10/I hereby agree with the Person named in the margin hereof that such Person shall be provided with First Class Cabin Passage in the above-named British Steam-ship, to sail from the Port of Liverpool for the Port of NEW YORK, in North America, with not less than Twenty Cubical Feet for Luggage for each Person, and that such Person shall be victualled as First Class Cabin Passenger during the voyage, and the time of detention at any place before its termination; and I further engage to land the Person aforesaid with their Luggage, at the last mentioned Port, free of any, Charge beyond the Passage Money aforesaid; and I hereby acknowledge to have received the sum of paid in full Payment of such Passage Money.
 For and on behalf of the
 OCEANIC STEAM NAVIGATION COMPANY,
 LIMITED, OF GREAT BRITAIN,
 THOMAS HENRY ISMAY,
 Per R. MARTCKELLELL.
 Liverpool, 16th Jan'y, 1892. Adults above 12 years. Children 12 Years & under. Miss GRACE HOWARD POTTER a
 166 U.S. 388
 17 S.Ct. 608
 41 L.Ed. 1044
 CITY OF ST. LOUIS
 v.
 WESTERN UNION TEL. CO.
 No. 219.
 April 5, 1897.
 An action was brought in the circuit court of the United States for the Eastern district of Missouri by the city of St. Louis, seeking to recover from the Western Union Telegraph Company the sum of $5 per annum per pole for 1,509 telegraph poles which the defendant maintained on the streets of that city between July 1, 1884, and July 1, 1887. The case was tried without a jury, and resulted, on June 17, 1889, in a judgment in favor of the defendant; the court holding that the burden imposed was a privilege or license tax, which the city had no authority to impose. A writ of error was sued out of this court, where it was held that the municipal charge in question was not in the nature of a privilege or license tax, but was a rental charge for the permanent and exclusive appropriation of those spaces in the streets which are occupied by the telegraph poles. To the defense asserted by the telegraph company that by ordinance the city had contracted with defendant to permit the erection of these poles in consideration of the right of the city to occupy and use the top cross-arm of any pole for its own telegraph purposes, free of charge, it was replied by this court that there was nothing in the record to show that any of the poles were erected under or by virtue of the ordinance mentioned, and that, therefore, so far as the facts appeared, there was simply a temporary matter of street regulation, and one subject to change at the pleasure of the city. But this court did not find it necessary to consider the matter of this ground of defense at length, as on the new trial awarded the facts in respect thereto could be more fully developed. It was further claimed by the telegraph company that the ordinance charging five dollars a pole per annum was unreasonable. But this court thought this question also should be passed for further investigation on the new trial. 148 U. S. 92, 13 Sup. Ct. 485.
 Thereafter, in January, 1894, the second trial was proceeded with, a jury being waived, and resulted in a judgment in favor of the defendant. The present writ of error was then sued out from this court.
 W. C. Marshall, for plaintiff in error.
 John F. Dillon and Eleneious Smith, for defendant in error.
 Mr. Justice SHIRAS, after stating the facts in the foregoing language, delivered the opinion of the court.
 
 
 1
 We are urged in the argument for the plaintiff in error to convict the circuit court of error in holding that a contract existed between the city and telegraph company, which contract would be impaired by the ordinance imposing a charge upon the company for maintaining its poles upon the streets, and in holding that said ordinance was void, because unreasonable and oppressive.
 
 
 2
 But, in the view that we take of this record, those questions are not presented for our determination. The case was tried by the court without a jury, and the record shows simply a general finding and a rendition of judgment in favor of the defendant. There is no special finding of facts, and therefore inquiry in this court must be limited to the sufficiency of the complaint, and the rulings, if any be preserved, on questions of law arising during the trial. In such cases a bill of exceptions cannot be used to bring up the whole testimony for review, any more than in a trial by jury. Norris v. Jackson, 9 Wall. 128; Lehnen v. Dickson, 148 U. S. 72, 13 Sup. Ct. 481.
 
 
 3
 When all the evidence had been adduced in the case, the plaintiff asked the court to declare the law to be as follows:
 
 
 4
 'The court declares the law to be that, under the pleadings and evidence herein, ordinance No. 11,604 [which was the ordinance which granted the company the right to maintain its poles upon condition that the city should occupy the top cross-bar free of charge] is not a contract between the plaintiff and defendant, but is simply a municipal regulation, which the city has a right to change at any time it sees fit; and that ordinance No. 12,783 [which was the ordinance imposing the charge of five dollars per pole annually] is a valid ordinance regulation, and that the defendant is bound thereby.'
 
 
 5
 'The court declares the law to be that upon the pleadings and evidence in this case ordinance No. 12,733 is a valid ordinance, and is not void as being unreasonable, oppressive or unjust.'
 
 
 6
 'The court declares the law to be that upon the pleadings and evidence in this case the plaintiff is entitled to recover from the defendant the sum of $22,635, with interest thereon at the rate of six per cent. from the 7th day of April, 1888.'
 
 
 7
 The refusal of the court so to hold was excepted to, and is assigned for error. But these were rulings which involved a determination of facts, and as those facts are not found for us by a special finding by the court, and as the evidence which developed the facts is not brought to our notice by exception to its competency or relevancy, no questions of law are presented for our review.
 
 
 8
 It is true that an agreed statement of facts was stipulated into the record of the case from the former trial; but additional evidence was introduced at this trial, and the prayers were based on the entire evidence.
 
 
 9
 It was said in Grayson v. Lynch, 163 U. S. 472, 16 Sup. Ct. 1066, that: 'This court has held in a series of cases that the special findings of facts referred to in the acts allowing parties to submit issues of fact in civil cases to be tried and determined by the court, is not a mere report of the evidence, but a finding of those ultimate facts upon which the law must determine the rights of the parties; and, if the findings of facts be general, only such rulings of the court in the progress of the trial can be reviewed as are presented by a bill of exceptions, and that in such case a bill of exceptions cannot be used to bring up the whole testimony for review any more than in a trial by jury.' Norris v. Jackson, 9 Wall. 125; Dirst v. Morris, 14 Wall. 484; Borgher v. Insurance Co., 103 U. S. 95; Lehnen v. Dickson, 148 U. S. 72, 13 Sup. Ct. 481.
 
 
 10
 The judgment of the circuit court is accordingly affirmed.