## NEW YORK, N. H. & H. R. CO. v. SAYLES.

### (Circuit Court of Appeals, Second Circuit. April 15, 1898.)

### No. 84.

CONTRACT LIMITING LIABILITY OF CARRIER—CLAUSE IMPRESSED UPON FREIGHT RECEIPT.

A clause limiting the liability of the carrier impressed in red ink upon one corner of the paper upon which the freight receipt is printed in black ink, and at right angles to the text of the receipt, is no part of the contract, unless so brought to the knowledge of the shipper as to imply his assent thereto on his acceptance of the receipt.

This cause comes here on writ of error to review a judgment of the circuit court, Southern district of New York, in the amount of $3,773.90, entered upon the verdict of a jury. See 81 Fed. 326.

The plaintiff in error was defendant below. The facts are as follows:

The duly-authorized agent of the plaintiff shipped on October 3, 1895, two horses belonging to plaintiff from Portland to Pawtucket. The horses were killed in an accident upon the road of defendant. It was alleged, and not denied, that the accident happened through the negligence of defendant company. There was evidence tending to show that the horses were worth $3,700. The case was left to the jury to determine what was the contract entered into at the time of shipment, with instructions that, unless they found an agreement to limit amount of recovery, plaintiff was entitled to the full value of the horses.

At the time of shipment, plaintiff's agent signed the following document, and delivered the same to the agent of the railroad:

### Live Stock Receipt.

"10/3/1895.

"Forward the property mentioned below, marked and numbered as in margin, to F. C. Sayles, at Pawtucket, Rhode Island, subject to the rules and regulations in the freight receipt presented with this, and which are accepted to be just and reasonable."

It is not disputed that defendant's agent signed this, nor that he had authority to sign it, nor that the freight receipt referred to therein was in fact presented to him. It reads as follows:

### "Boston & Maine Railroad.

### "Live Stock Receipt. [Red ink.]

"10/3/189–.

"Received of ———, under the contract hereinafter contained, which is accepted and agreed to as just and reasonable, and which is entered into severally with each carrier, the property mentioned below, marked and numbered as per

margin. In apparent good condition (contents and value unknown), viz. 3 horses, 1 R. cart, K. S. consigned F. C. Sayles, at Pawtucket, to be transported," etc. (Here follow certain conditions and regulations, printed in black ink, the receipt being signed by the agent of the railroad company.)

On the upper right-hand corner of the paper on which this receipt appears there is a clause containing, inter alia, these words: "The rules for transporting animals are based and intended only for those of ordinary value, viz.: If horses, or mules, not exceeding $100 each; * * * and in giving this receipt the company assumes no risk for a higher value, unless by special arrangement with the general freight department." This clause is printed over the clauses of the receipt which were in black ink, and at right angles to them. It is itself in red ink, and looks as if it might have been impressed upon the receipt, after the latter was printed, by some hand or power stamp. The coloring is far from bright, and parts of it, by reason of the size of type, and by reason of its being printed across the black lines of the receipt, cannot be read without the most careful inspection.

Henry W. Taft, for plaintiff in error.

F. W. Halls, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. The only question in the case is whether or not the parties, by their respective agents, agreed to a limitation of liability to $100 for each horse. That such contracts may be made is settled by authority in Hart v. Railroad Co., 112 U. S. 331, 5 Sup. Ct. 151, which holds that:

"Where a contract of the kind signed by the shipper is fairly made, agreeing to a valuation of the property carried, with the rate of freight based on the condition that the carrier assumes liability only to the extent of the agreed valuation, even in case of loss or damage by the negligence of the carrier, the contract will be upheld as a proper and lawful mode of securing a due proportion between the amount for which the carrier may be responsible and the freight he receives, and of protecting himself against extravagant and fanciful valuations."

The defendant's contention is that such a contract was made in this case, because the plaintiff's agent signed the paper by which he requested the railroad company to forward the property, "subject to the rules and regulations in the freight receipt," and expressly agreed that they were just and reasonable, thereby making the "freight receipt" a part of the contract signed by him. The difficulty with this contention is that the red-ink clause is practically not a part of the freight receipt. It was not originally printed as a part of such receipt, nor is it inserted in a blank space left in such receipt for the purpose. By reason of its being superimposed, as it is, at right angles to the text of the receipt, and in one corner of the paper, it is no more a part of the contract than was the statement on the back of the paper receipt in Railroad Co. v. Manufacturing Co., 16 Wall. 318, where also the statement on the back was referred to in the body of the receipt. In legal effect, it was merely a rule or regulation which did not bind the plaintiff, unless so brought to the knowledge of his agent as to imply his assent upon his acceptance of the receipt. The Majestic, 166 U. S. 375, 17 Sup. Ct. 597. Indeed, a person taking such a receipt would seem to be less likely to notice the clause where it is than if it were printed on the back. The question whether or not such notice was brought home to the knowledge of plaintiff's agent was one for the jury upon

the evidence; and, as we find no error in the charge, their verdict should not be disturbed.

The judgment of the circuit court is affirmed.