## SMITH v. NORTH GERMAN LLOYD S. S. CO.

(District Court, S. D. New York. December 27, 1905.)

1. SHIPPING—LOSS OF BAGGAGE BY PASSENGER.

Evidence *held* to sustain the claim of a passenger that personal baggage was stolen on the steamship during the voyage.

2. SAME—LIMITATION OF LIABILITY—PROVISION IN TICKET.

A clause of a steamship ticket headed "notice," limiting the liability of the vessel or owners to $100 for loss of the passenger's personal effects, is not a part of the contract, and does not relieve the owner from full liability, where it was not read by or made known to the passenger.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1548, 1549.

Limitation of liability for baggage, see note to Clark v. Geer, 32 C. C. A. 301.]

In Admiralty. Suit by passenger to recover for loss of personal effects.

Grant Squires and Edward Bruce Hill, for libellant.
Choate, Hanford & Larocque, for respondent.

ADAMS, District Judge. This action was brought by Julia C. Smith, to recover the value of certain articles of personal apparel alleged to have been abstracted from her baggage, while in transit from Cherbourg, France, to New York in February, 1905. The libellant left Moscow, Russia, on the 5th of February, for the purpose of taking a North German Lloyd steamer from Bremen, but was unable to catch it there and decided to go by way of Paris, which place she reached the 8th day of February about 8:45 o'clock in the morning and as soon as the office of the respondent there was opened, purchased a ticket by the steamship Kronprinz Wilhelm for New York. The ticket was issued at a special rate.

The libellant claims that she packed her baggage, consisting of three trunks, one of which was a steamer trunk, with the assistance of her husband and another person, in Moscow, and that all the parcels were duly delivered to the respondent at Paris. She also claims that several of the articles packed in one of the trunks were stolen on the vessel, and that they consisted of a sable boa and some clothing.

The testimony on the libellant's part shows that she concluded after she went on board, she would need other articles than were contained in her steamer trunk, which was sent to her stateroom, and en-

quired of the stateroom steward if she could have access to her other baggage and was informed that she could, through the baggage master on board. Arrangements were then made for such access in the afternoon and at the hour appointed, she went, in company with the stateroom steward and the baggage master, to the room where the trunks were stored. One was opened in her presence with her keys and she found the contents apparently as she had packed them. Having taken out such articles as she expected to need, she observed that the tails of a sable boa were left partly outside the trunk in closing it and she cautioned the steward to be more careful. He lifted the lid again and she rearranged the boa and caused the trunk to be relocked. The day before landing, she went down to the baggage room again to return the things she had taken out. She found the trunk in a different position and where it had been packed tight and bulged to the last hole in the strap, it was quite empty. She did not say anything at the time but replaced the articles she had previously taken out and relocked the trunk herself. She next saw the trunk on the steamship pier and took it with her to a hotel. Upon getting the trunk in her room, she opened it and found it in the same condition as she had seen it last on the steamer, but many articles which she had packed in Moscow were then missing, including the sable boa and several dresses, the value altogether being $1,103. Immediately upon ascertaining the extent of her loss, she obtained the services of the hotel detective and took a carriage to the steamer. The captain had gone ashore but she saw the second officer, the baggage master and a number of stewards, but obtained no further satisfaction than that the loss would be reported to the agent of the steamship company.

The respondent defends through the testimony of the baggage master and the stateroom steward. Their statements were opposed to the libellant's contentions in several respects. The baggage master stated that he only had a key of the baggage room and it was never out of his possession being carried by him during the day and put under his pillow at night. They both agree that they went with the libellant to the baggage room twice, at practically the times she said, but state that the incident of fur sticking out of the trunk occurred on her second visit and not on the first and further that the trunk was quite full again upon the replacing of the articles taken out for use on the voyage. They deny emphatically that they took the articles.

The libellant has given a straightforward account of her loss and I am constrained to hold that it occurred on the steamer during her carriage. The respondent is therefore responsible, but it urges that if such result should be reached, the liability is limited to $100, by a provision in the passage ticket which reads as follows:

"Notice.

*        *        *        *        *        *        *

"It is also agreed that neither the shipowner, is in any case liable for loss of or injury to or delay in delivery of luggage or personal effects of the passengers beyond the amount of one hundred dollars, unless the value of the same in excess of that sum be declared at or before the issue of this contract or at or before the delivery of said luggage of the ship, and freight at current rates for every kind of property is paid thereon."

The libellant relies upon The Minnetonka (D. C.) 132 Fed. 52. That case is different upon its facts from those appearing here. It was found there that a case of theft of jewels had occurred in the passenger's presence, by a ship's steward after the passenger had made every reasonable effort to have such effects taken care of by the purser of the vessel. Here, there is nothing to show theft beyond the fact that the articles were missing from the trunk. They were probably feloniously taken out by some one but the evidence does not point to the guilty party. The baggage master and the steward impressed me favorably by their appearance and manner of testifying, and I do not believe that they were the culprits or that either of them was, nevertheless, some one evidently stole the articles and the respondent must answer for the full amount of the libellant's loss, unless the above stipulation in the ticket is binding upon her. It is explicitly stated to be a "Notice" and it does not appear here how it can be regarded as any part of the contract. The libellant bought the ticket hastily and she explicitly denies having read any part of it, except the number of her room. Nothing was said to her about her baggage or its value. The case seems to be covered by The Majestic, 166 U. S. 375, 17 Sup. Ct. 597, 41 L. Ed. 1039.

Decree for the libellant, with an order of reference.