WEINBERGER et al. v. COMPAGNIE GENERALE TRANSATLANTIQUE.

(District Court, S. D. New York. June 12, 1906.)

1. SHIPPING—DAMAGE TO PASSENGER'S BAGGAGE—EVIDENCE OF NEGLIGENCE.
Proof that a passenger's baggage was delivered to a vessel in good condition, and was damaged by seawater at the end of the voyage, is sufficient to establish the negligence of the carrier.

2. SAME—LIMITATION OF LIABILITY—CONDITION IN TICKET.
A provision printed in a steamship ticket for the carriage of six passengers, limiting the liability of the carrier for loss or damage to baggage to $100, not read by nor called to the attention of the passengers, is unreasonable and void.

In Admiralty. Suit by passengers for damage to baggage.

Black & Kneeland, for libellants.

Edward K. Jones, for respondent.

ADAMS, District Judge. The libellants, Mr. and Mrs. Julius Weinberger, bring this action to recover the damage caused to their and their children's baggage, while passengers on the respondent's steamship La Savoie, during a voyage from Havre, France, to New York, in December, 1905. The passage ticket was issued at the respondent's Paris office to the Weinberger family the evening before sailing. It appears that in addition to Mr. and Mrs. Weinberger, there were in the party covered by the ticket, two children and two maids, six persons in all. They had twenty pieces of baggage, of which a large portion were trunks, including one large wardrobe trunk and ten ordinary trunks, the remainder being steamer trunks and hat boxes. Seven of these trunks were stowed in the baggage compartment in the intermediary of the steamer between decks. They were all shown to have been in good order when delivered to the railroad in Paris and to the steamer at Havre. Upon arrival in New York while the trunks were on the respondent's pier, awaiting examination by the Customs officials, it was discovered that three of the trunks from the intermediary were wet and that the contents of two of them were damaged by what was subsequently proved to be salt water. The attention of the agents of the respondent was called to the condition of the contents of the two trunks. They duly examined the trunks and advised Mr. Weinberger to take them away and dry the contents, rather than leave them on the wharf, and this was done Saturday afternoon. It turned out, however, that some clothing in the trunks was seriously damaged and a timely claim was subsequently made upon the respondent in due form.

The respondent urges that there can be no recovery without proof of negligence and that none has been offered. The answer seems to be that the clothing was in good condition when it went aboard and at the end of the voyage was found to be wet with salt water.

The respondent also strongly urges that under the limitation of the ticket, together with certain conditions printed in connection therewith, there can be no recovery beyond $100.

The provisions relied upon are:

"II Each adult passenger is allowed free as baggage, 150 kilos or 20 cubic feet. The excess is charged for at the rate of 2 fcs. for each undivided fraction of 10 kilos. * * *

"III Insurance of baggage and valuables may be effected at current rates under floating policy of the Company.

"IV The Company declines any responsibility for baggage not registered, or for effects in the personal possession of passengers, as well as for monies, deeds, jewelry and precious objects, unless they have been declared and paid for as valuables and deposited with the ship's purser against receipt delivered by him.

"V In case of damage or of the total loss of baggage for which the Company or the Captain may be responsible there shall not be allowed to the passenger more than 500 fcs. first class, or 300 fcs. second class, whatever may be the number or the contents, of his baggage, unless he may have had the full value insured under the floating policy of the Company. All claims for baggage lost or damaged must be made and notice given within 24 hours at the latest after the arrival of the ship, under penalty of forfeiture, in conformity with Article 435 of the French Commercial Code which shall apply to such cases."

These clauses although entitled "Conditions of Passage" do not appear to be anything more than notices. They are printed in connection with the ticket but not made a part thereof and are of no greater force than if printed on the back of the ticket. Both Mr. and Mrs. Weinberger have testified that they did not read them nor were they brought to their attention. Moreover, they were not reasonable and are, therefore, not enforceable, especially, although the ticket was designed to cover a number of passages, no provision is made for a greater liability than 500 francs for all and such amount is insisted was the extent of the respondent's liability. The contention can not be sustained.

The following authorities cover the legal aspects of this matter, viz.: The New England (D. C.) 110 Fed. 415; The Majestic, 166 U. S. 375, 17 Sup. Ct. 597, 41 L. Ed. 1039; The Kensington, 183 U. S. 263, 22 Sup. Ct. 102, 46 L. Ed. 190; The Minnetonka (D. C.) 132 Fed. 52, recently affirmed, see 146 Fed. 509.

There will be a decree for the libellants, with an order of reference.