## SMITH v. NORTH GERMAN LLOYD S. S. CO.

(Circuit Court of Appeals, Second Circuit. January 10, 1907.)

### No. 143.

SHIPPING—LOSS OF PASSENGER'S BAGGAGE—LIMITATION OF LIABILITY.

A clause printed on the margin of a steamship ticket, headed "Notice," limiting the liability of the vessel or owners to $100 for loss of the passenger's personal effects, is not a part of the contract, and does not relieve the owners from full liability, where it was not read by or made known to the passenger.

[Ed. Note.—Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

.Appeal from the District Court of the United States for the Southern District of New York.

For opinion below, see 142 Fed. 1032.

Joseph Larocque, Jr., and Choate, Hanford & Larocque, for appellant.

E. B. Hill and Grant Squires, for appellee.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM.. We are. unable to distinguish this case from The Majestic, 166. U. S. 375, 17 Sup. Ct. 597, 41 L. Ed. 1039, except that the notice is printed on the front, instead of the back, of the ticket. It is to be observed, however, in the case cited that the "Cabin.Passengers'. Contract.Ticket" was prefaced by the following statement: "The. Notices to Passengers below, form part of and must .appear on each

contract ticket." Moreover, such "Notices to Passengers" thus printed below ended (at the foot of the sheet) with the words in bold type, "See back," and were continued on the back. That decision in effect holds that, unless the condition relied upon is included in that part of the "Ticket Contract" which contains the agreement to transport and is signed by the agent of the carrier, it is merely a notice. The notice in this case is on the face of the ticket, but is in the margin and not included in that part of the ticket.

On the question of fact we agree with the District Court.

Decree affirmed, with interest and costs.