# CHESAPEAKE & OHIO RAILWAY COMPANY *v.* McLAUGHLIN.

## ERROR TO THE CIRCUIT COURT OF POCAHONTAS COUNTY, STATE OF WEST VIRGINIA.

No. 100. Argued November 14, 1916.—Decided December 4, 1916.

A stipulation in a "uniform live stock contract" signed and accepted by both shipper and carrier to govern an interstate shipment, and declaring in effect that the carrier shall not be liable for loss or damage unless a claim therefor be made in writing, verified by affidavit, and delivered to a designated agent of the carrier at his office, in a place named, within five days of the removal of the stock from the cars, is on its face unobjectionable and, in the absence of any proof of circumstances tending to render it invalid or excuse a failure to comply with it, will be enforced.

THE case is stated in the opinion.

*Mr. F. B. Enslow,* with whom *Mr. Herbert Fitzpatrick* was on the brief, for plaintiff in error.

No appearance or brief filed for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

McLaughlin recovered judgment against the railway company in the Circuit Court, Pocahontas County, West Virginia, for injuries to a horse which it transported from Lexington, Kentucky, and delivered to him at Seebert, West Virginia, February 17, 1914.

The shipment was under a "uniform live stock contract" signed by both parties and introduced in evidence by defendant in error which among other things provides:

"That no claim for damages which may accrue to the said shipper under this contract shall be allowed or paid by the said carrier or sued for in any Court by the said shipper, unless claim for such loss or damage shall be made in writing, verified by the affidavit of the said shipper or his agent and delivered to the General Claim Agent of the said carrier at his office in Richmond, Va., within five days from the time said stock is removed from said car or cars; and that if any loss or damages occur upon the line of a connecting carrier then such carrier shall not be liable unless a claim shall be made in like manner and delivered in like time to some proper officer or agent of the carrier on whose line the loss or injury occurs."

It conclusively appears that McLaughlin did not present a verified claim to the carrier's agent as provided by the contract. Upon its face the agreement seems to be unobjectionable and nothing in the record tends to establish circumstances rendering it invalid or excuse failure

to comply therewith. The court below erred in denying a seasonable request for a directed verdict; and its judgment must be reversed. Our recent opinions render unnecessary any further discussion of the reasons for this conclusion. *Northern Pacific Railway Co. v. Wall*, 241 U. S. 87; *Georgia, Florida & Alabama Railway Co.* v. *Blish Milling Co.*, 241 U. S. 190; *Cincinnati, New Orleans & Texas Pacific Railway Co.* v. *Rankin*, 241 U. S. 319.

Reverse and remand for further proceedings not inconsistent with this opinion.

*Reversed.*