72 F.2d 286 (1934)
THE LEVIATHAN.
SHERBO
v.
UNITED STATES.
No. 425.
Circuit Court of Appeals, Second Circuit.
July 23, 1934.
Lampke & Stein, of New York City (A. Glazier Lampke, Arnold Gross, and William H. Darrow, all of New York City, of counsel), for appellant.
Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y., and William E. Collins, Sp. Asst. to U. S. Atty., of New York City, for the United States.
Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.
CHASE, Circuit Judge.
This action was brought under the Suits in Admiralty Act in accordance with the amendment thereto approved June 30, 1932 (46 USCA § 745).
The plaintiff, then a minor, purchased a ticket in France on November 26, 1927, which entitled her to a passage, together with her baggage, from Cherbourg to New York on the steamship Leviathan, owned by the defendant. She sailed on that ship from Cherbourg on December 15, 1927, and was transported to New York in accordance with the provisions of her ticket. While her trunk was being loaded by the defendant onto the *287 ship from a tender in the harbor at Cherbourg, it was negligently permitted to fall into the water, and its contents damaged to an amount in excess of 20 pounds. The plaintiff recovered below, but has appealed, and the sole question before us is whether the District Court erred in limiting recovery to 20 pounds under the terms of the passage ticket purchased and used by the plaintiff. She was an American girl who readily might have, but in fact did not, read the ticket she bought. It was printed in English and signed on its face by the agent of the defendant. Above his signature there was set forth a short statement of the terms of the contract, which included this sentence:
"The Luggage carried under this engagement, whether in excess of 200 lbs or 20 cubic feet, or not, shall be deemed to be of a value not exceeding 20 pounds unless the value in excess of that sum be declared and paid for."
The words "See back" also were printed on the face of the ticket, and on the back were twelve paragraphs entitled "Notice to Passengers." Of these, it is sufficient for present purposes to quote Nos. 4 and 5.
"4. Neither the shipowner, Agent, Master or Passage Broker shall be liable as carrier in any form or manner for any articles specified in Section 4281 of the Revised Statutes of the United States, shipped or taken on the vessel by any passenger in any baggage, unless the passenger at the time of such lading shall give to the Shipowner, Master, Agent, Clerk or Broker of the vessel a written notice of the true character and value thereof, and, if required, produce the same for inspection and have the same entered on a Bill of Lading therefor, or unless such articles be delivered into the personal custody of the Purser of the vessel, and the true character and value thereof stated in writing: and in the event of such deposit, neither the vessel, her Owner, Master, Agent or Passage Broker shall be liable in respect of the articles deposited beyond the sum of Twenty Pounds (20), which sum it is mutually agreed that the value of the articles does not exceed, unless value in excess of that sum be declared, and a further charge thereon be paid or tendered in advance on the excess value at the rate of 1 per cent. Neither the Shipowner, Master, Agent or Passage Broker shall be liable for the loss of or damage to any such article when arising from any of the causes enumerated in clause 3, nor in any event beyond the value and according to the character thereof notified and entered as aforesaid, nor except as may be provided by the Bill of Lading if a Bill of Lading is issued, or by the certificate of deposit if the property be deposited.
"5. In the event of the loss of, or damage to, or delay in the delivery of the baggage of any passenger carried under this contract, or a part thereof, for which the shipowner may be liable, it is subject to the preceding clause hereof mutually agreed that such liability shall not exceed the sum of Twenty Pounds (20), which sum it is agreed the value thereof does not exceed, and to which value the Shipowner, subject to clause 6, undertakes to carry the same free of charge, unless the passenger, before embarkation under this contract, shall declare in writing to the Shipowner, Agent or Passage Broker the true value of such baggage, if in excess of Twenty Pounds (20), and shall pay or offer to pay in advance on the value thereof in excess of Twenty Pounds (20) of the rate of 1 per cent."
The plaintiff neither declared nor paid for the transportation of her baggage at a value in excess of 20 pounds. In The Majestic, 166 U. S. 375, 17 S. Ct. 597, 41 L. Ed. 1039, the effect of a notice to passengers printed on the back of a ticket form and not made a part of the contract of carriage was considered, and it was held not to be binding if not called to the attention of the passenger who shipped in ignorance of it. We have lately held that in Baer v. North German Lloyd (C. C. A.) 69 F.(2d) 88. But here there was a clause on the face of the ticket which was a part of the contract entered into by the parties to the effect that, unless the value in excess of 20 pounds was declared and paid for, the baggage should be deemed to be worth no more than that. By accepting the ticket with this condition incorporated in its terms, the plaintiff agreed to limit the value unless she made the required declaration and payment. Since a choice of rates was given her, she became bound by the limitation she accepted. Cau v. T. & P. R. R. Co., 194 U. S. 427, 24 S. Ct. 663, 48 L. Ed. 1053; Hart v. Penn. R. R. Co., 112 U. S. 331, 5 S. Ct. 151, 28 L. Ed. 717; The Cretic (D. C.) 224 F. 216. To be sure, the notice of what her choice might be was printed on the back and not specifically called to her attention, but that is of no consequence. Her right to choose was embodied in her ticket, and the terms of her permitted choice might well have been in a rate schedule either posted or merely available to her upon request. So they might have been printed on the back of the ticket as they were without affecting the contract.
*288 The limitation of liability printed on the back was but the limitation which necessarily followed as a matter of law from the express agreement of the parties as to baggage value contained in the ticket proper. That the plaintiff had no knowledge of it is therefore immaterial.
It is also claimed that the limitation of value in the ticket was not binding upon the plaintiff because she was a minor when she bought the ticket and used it. Her right to have her trunk loaded on the ship, however, and carried to New York by the defendant was a contract right which she acquired by purchasing the ticket. Likewise as to her right to declare and pay for excess value with the correlative right to recover her actual damages up to the amount of her declaration if the defendant failed to perform and her property was injured by such failure. The basis of her action is her status, by virtue of her ticket, as a passenger on the defendant's ship whose baggage was negligently injured by the defendant who undertook to carry it as a part of its obligations under her ticket. Its failure to handle it with due care was a breach of an implied condition of its undertaking. She cannot sue to enforce her rights under the contract without being herself bound by its terms. Compare, The Finland (D. C.) 35 F.(2d) 47, 49; Pacific S. S. Co. v. Sutton (C. C. A.) 7 F.(2d) 579.
Decree affirmed.