## MAIBRUNN v. HAMBURG-AMERICAN S. S. CO.
### No. 348.

Circuit Court of Appeals, Second Circuit.
May 6, 1935.

David M. Neuberger, of New York City (Silas B. Axtell, Adele I. Springer, and Murray Ratner, all of New York City, of counsel), for appellant.

Alfred W. Andrews, of New York City (Theodore H. Lord, of Brooklyn, N. Y., of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiff appeals from a judgment entered upon a directed verdict dismissing his complaint at the close of the evidence in an action to recover for personal injuries, suffered while a passenger on the defendant's steamer Hamburg, bound from New York to Hamburg, Germany. Shortly after 9 o'clock on the morning of March 2d, some four or five days out from New York, the plaintiff was standing at the forward end of the promenade deck, on the starboard corner, looking out on the sea through a glass window which gave forward. A weather shield with glass windows, which ran thwartship across the forward end and aft on each side for a certain distance, inclosed the deck, and the deck itself extended two feet outboard of the skin of the ship on each side and was about thirty-five feet above the water line. The weather had been somewhat rough for a little over twelve hours, the log entries being as follows: March 1, four p. m. "Wind and seas increasingly heavy, ship pitches heavily in irregular swelling" (sic). Between nine and midnight: "Rough seas and swelling. Ship pitches and rolls. Shipped water over deck and hatches. Beginning at 11 o'clock storm oil is used on starboard." Just before the accident the storm had become perceptibly severer: "Wave oil and storm oil in use. Rough seas and swelling. Ship pitches very

heavily and ships many breakers over deck and hatches." The ship was going at about twelve to fifteen knots an hour against a fresh gale of about forty miles (Beaufort 8), taking the seas about four points on her starboard bow. She shipped a heavy one which struck the window, broke the glass, and dashed it upon the plaintiff, severely injuring him. The question is whether the carrier had failed in its duty to protect him; and his theory is that the front of the deck should have been roped off, and that there should have been no glass window at the forward corner of the shield.

The plaintiff either proved, or was prevented by the judge from proving, that it was the usual practice in steamers of the kind not to have glass windows at the very corners, and that this was especially true when the deck had an overhang. His experts also said, or again were prevented from saying, that in weather such as then prevailed the starboard corner of the deck should have been roped off. The steamer's witnesses, although admitting that the window had been broken before in a hurricane, declared that there was then no danger; that nothing of the kind had ever taken place before; that such a sea was not to be expected, and was a chance against which a carrier ought not to be required to fend. The judge took this view and dismissed the complaint.

■■■ On the whole we think that the dispute was one which only a jury could decide, little as it was qualified to pass on such questions. We are to remember that as passenger, the plaintiff was entitled to much more than the ordinary measure of care; the precise formula in which that measure has from time to time been cast is not important; it is enough that it is very high indeed. Pennsylvania Co. v. Roy, 102 U. S. 451, 26 L. Ed. 141. If it be true that it had become the customary construction for North Atlantic steamers not to have glass at the corners, the jury might find that glass was improper construction, at least in the case of an overhang. Again if experienced masters declared that in such weather as then was, the deck should be roped off, the jury might find that the defendant had failed in this duty as well. The disclaimers of the ship's officers were not final; indeed, the master himself had said that in heavy enough weather the deck should be roped. The defendant can scarcely escape a verdict upon an issue which turns so entirely upon a matter of degree. Nor do we understand why so much of the plaintiff's proof should have been ruled out. True, it was in the form of expert opinion, and it is wise always to keep that well in hand; but the issues were beyond the personal acquaintance of the jurors; and they had to rely upon experts for any relevant information at all. It was the experts who alone could judge what weather required roping, and whether steel, not glass, was necessary for safety at the corners of the deck. It is ordinarily more convenient to receive the testimony in the form of conclusions and to leave to cross-examination the test of their foundation.

■■■ The defendant also asserts as a defense that the plaintiff failed to serve it with the notice required by his contract. On the face of the ticket, but at one side of the printing and writing which formed the contract proper, so far as there was one, was a legend reading as follows: "Notice. The attention of passengers is especially directed to the terms and provisions of this contract printed on the reverse side, which must be signed by the passenger and the agent." On the back was a clause that written notice of any claim with full particulars must be served on the defendant within sixty days after termination of the voyage. The plaintiff never personally signed the ticket, and though it was signed by the "travel bureau" from which he bought it, this was certainly done, not as his agent, but as the defendant's. This abundantly appears from the fact that the "bureau" not only signed on the back as the defendant's agent, but was the only person signing the contract for the defendant on its face. Thus the question is whether the legend charged the plaintiff with what was on the back, merely because he accepted the ticket, though without knowledge, for he had not examined it. In Baer v. North German Lloyd, 69 F.(2d) 88 (C. C. A. 2), the form of the notice was so different that it does not help us to a conclusion here. But it seems to us that The Majestic, 166 U. S. 375, 17 S. Ct. 597, 41 L. Ed. 1039, rules and in the plaintiff's favor. While the form of that notice also was not the same, we understand the case to decide that, though a passenger is bound by all that is in the contract itself, in order to charge him with other stipulations they must be incorporated into the body of it, at least by reference. A mere notice on the front of the ticket, which is not part of the contract,

charges him only if he sees it in season. In Murray v. Cunard S. S. Co., 235 N. Y. 162, 139 N. E. 226, 26 A. L. R. 1371, as we understand it, the limitation was written into the body of the contract. True, once the doctrine is established that the passenger, by accepting such a contract of carriage, undertakes to abide by its terms, nice distinctions are sure to arise unless he is charged with all that appears at least on the front of the paper. Yet, as we understand it, just this distinction does exist; only the contract proper charges the passenger, and the contract is taken as those words which the carrier in some way authenticates by its own signature; notices and legends alongside are not part of it. How far a notice within the contract proper would be effective to incorporate by reference stipulations on the back we need not decide. It must be acknowledged that the result is not very satisfactory in theory, but perhaps there is something to be said practically for the compromise we have described. At least there is no hardship in holding that the limitations on the back of the ticket were no part of the contract at bar; the defendant had required them to be signed by the passenger and failed to get the plaintiff to do so. Had he read the notice he might well have supposed that by not insisting on his signing, they did not mean to stand upon the limitations. But we do not rest upon that; we hold that because not incorporated directly or by reference into the contract, they were no part of it.

Judgment reversed; new trial ordered.