BELLOCCHIO et al. v. ITALIA FLOTTE RIUNITE COSULICH LINE LLOYD SABAUDO NAVIGAZIONE GENERALE.

No. 414.

Circuit Court of Appeals, Second Circuit.

July 6, 1936.

Joseph F. Ruggieri, of Brooklyn, N. Y. (Anthony J. Travia, of Brooklyn, N. Y., of counsel), for appellants.

Loomis, Williams & Donahue, of New York City (Homer L. Loomis and Thomas F. Peterson, Jr., both of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiff was a passenger upon the defendant's steamer, and while disembarking at Naples got her foot caught under a plank and was injured. Her account of the occurrence is very vague and gives some plausibility to the defendant's argument that it leaves too much to conjecture to support a verdict. Nevertheless we think there was enough to show how she was hurt, and that it might have been due to some lapse in that high degree of care which is demanded of common carriers towards their passengers. It was permissible for a jury to find the following facts; we do not of course suggest that they must have done so. A gangplank ran from the rail to the wharf, the ship's end of which was raised some inches above the flush of the deck. To avoid a step up, a second plank was provided running inboard from the end of the gangplank, and forming an

incline or ramp for a little distance. The plaintiff was about to step upon one end of this second plank when the passenger ahead of her stepped on the other end in such a way that the end near her rose and fell upon her foot. If something of the kind happened, a jury might find that it was not beyond what the ship should have provided against; the passengers were using the planks as they were expected to use them, and they went awry. That put the defendant to its proof.

The case was not dismissed on this issue, but because of a provision on the back of the ticket requiring an injured passenger to give written notice of any claim for injuries within thirty days after the ship's arrival. No such notice was given. Such limitations are lawful and when the time given is, as here, thirty days, they would be reasonable, except for the practice of taking up the ticket early in the trip and leaving the passenger in ignorance of the limitation at the only time when it becomes important. On its face such a practice appears so unfair as to make doubtful the validity of the limitation itself; but since there may be excuses for it which do not appear, we leave the question open. This we can properly do, because here the limitation was not part of the contract anyway and the carrier may not use it. The ticket was signed and dated by the company's travel agent at the bottom. It was headed with the name of the line and its place of business in New York; it recited that it was a second-class ticket from New York to Naples, on the steamer "Rex," leaving on the ninth of October at 12 p. m. The name of the passenger was filled in, the cabin and berth, and the price, together with the United States and port taxes. This was all except that below the signature was a notice that it was to be surrendered at the pier. Nothing on the face of the ticket called attention to the back, on which, however, the following was printed: "The following stipulations are entered into by the passenger as part of this contract." Then followed five provisions, of which the first limited the recovery for loss of baggage, and the second gave the ship certain "liberties"; the third was as follows: "No suit shall be maintained against the company * *. * for any injury to the person, unless claim be made in like manner" (delivered in writing at the office), "within thirty days after such landing." The fourth and fifth provisions are not important. Since the plaintiff did not give written notice within thirty

days, her default is an answer to the action, if the limitation be a part of the contract. Maibrunn v. Hamburg-American S. S. Co., 77 F.(2d) 304 (C.C.A. 2),—a stronger case for the ship—holds that it is not. On the face of the ticket in that case, though not forming a part of the contract proper, there was a notice calling the attention of passengers to the provisions printed on the back; yet even that did not take it out of the doctrine of The Majestic, 166 U.S. 375, 17 S.Ct. 597, 41 L.Ed. 1039. We held that the stipulation must be incorporated, at least by reference, into the very body of the contract, and that not all that was on the face was in the body. Here there was no such notice on the face, even outside the body of the contract. The distinction is indeed somewhat formal and is not very satisfactory in theory, but our decision is directly in point, and we see no reason to change our views.

The husband also joined in the action, suing for the loss of his wife's services. The defendant raises a question whether the evidence did not show that these were of no value, but all such matters go to the ad damnum, and are for the jury.

Judgment reversed; new trial ordered.