MANTON, Circuit Judge, dissenting.

———◆———

Harry S. Austin, of New York City (Lawson R. Jones and Edward Ash, both of New York City, of counsel), for appellant.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

This is a libel in rem to recover for personal injuries sustained by a passenger on the steamship Kungsholm of the Swedish American Line, while on a cruise to the West Indies. The owner's amended answer set up that the libelant had failed to comply with the provisions of the contract of transportation requiring a written notice of claim to be "lodged with the Carrier at 21 State Street, New York, N. Y., U. S. A., within thirty days after the passenger leaves the steamer." That issue was referred to a special master who found that the libelant had mailed within the prescribed time a letter which the carrier had never received, and reported that the provisions of the ticket had not been complied

## THE KUNGSHOLM.
### No. 37.

Circuit Court of Appeals, Second Circuit.

Dec. 14, 1936.

with. His report was confirmed and a decree entered dismissing the libel.

Upon the original argument of the appeal, the questions disputed were whether the letter had in fact been received and whether its receipt was necessary. On the issue of fact we should certainly accept the findings of the special master who heard and saw the witnesses; and on the issue of law we entertain no doubt that the words "lodged with the carrier" require receipt. See the Mauretania, 84 F.(2d) 408, 410 (C.C.A.2). But we were unwilling to make final disposition of the appeal without hearing argument upon a further question which the record presented, namely, whether the contract between the parties in law included the notice clause; it appearing that the libelant signed the ticket on its back after the cruise began, and it not appearing that he knew of the conditions when he bought it. Upon this question a reargument was ordered and has been had.

The ticket was purchased in Philadelphia by a friend of Mr. Moran, the libelant, who received it the day before he sailed from New York on February 16, 1934. It is signed on the face by the Philadelphia agents of the Swedish American Line, and contains a line on the back for the passenger's signature, following the statement, "I have read and fully understand the above conditions of this contract." Mr. Moran swore that he signed the ticket on shipboard the day after the cruise began; and neither he, nor the friend who purchased it for him, is shown to have had notice of the "conditions," printed in small type, among which is the notice of claim clause, appearing on the back of the ticket as condition No. 12. Necessarily the contract of transportation is complete at the time the passenger embarks, and it could not have been changed by the subsequent affixing of Mr. Moran's signature since that was without consideration. So the question is, What was the contract of transportation? and this turns on the form of the ticket, as we have held in many recent cases, all of which go back to the doctrine of The Majestic, 166 U.S. 375, 17 S.Ct. 597, 41 L.Ed. 1039. See Baer v. North German Lloyd (C.C.A.) 69 F.(2d) 88; The Leviathan (C.C.A.) 72 F.(2d) 286; Maibrunn v. Hamburg-American S. S. Co. (C.C.A.) 77 F.(2d) 304; Bellocchio v. Italia Flotte, etc., Line (C.C.A.) 84 F. (2d) 975. These cases hold that stipulations affecting the carrier's liability must either be brought to the knowledge of the passenger or must be incorporated, at least by reference, into the very body of the contract, and that not all that is printed on the face of the ticket is necessarily within in the body of the transportation contract. Concededly it is a very formal doctrine, but it is thoroughly established in this circuit.

It is the contention of the libelant that the contract is contained in the "box," covering the left-hand side of the face of the ticket. This sets forth the name of the passenger, the amount of passage money paid, the accommodations he is to occupy, the name of the ship, "Kungsholm Sailing from New York Feb. 16, 1934 at 5 P. M. from Pier 97, N.R. foot of W. 57th St. Booked as per Itinerary to West Indies Cruise," and the passenger's home address, Philadelphia. This is followed by the carrier's name, the rubber stamped signature of its Philadelphia agent, and the penciled initial of the person who issued the ticket. In the light of the foregoing authorities we must say that this was the contract of transportation unless the passenger had knowledge of the printed condition which the carrier relies upon. It is true that printed matter to the right of this "box" is headed "Cruise Contract" and states in large type, "The following stipulations are a part of this contract which must be signed by the passenger on the overpage immediately upon its receipt." But there is nothing above the carrier's signature to incorporate expressly or by reference any of these stipulations; and, as already stated, there is nothing to show Mr. Moran or his agent had knowledge of them before he embarked. In the Maibrunn Case also there was a notice on the face of the ticket calling the attention of the passenger to conditions printed on the back. Formal and technical as is the rule, we can find no rational basis for taking this case out of it. Arguendo it may be assumed that, if the libelant discovered the condition in question before he embarked, a new contract might be worked out from his embarking with knowledge that the carrier understood the contract to contain this provision. That is a question which may arise on the trial but is not now before us.

Decree reversed and cause remanded.

MANTON, Circuit Judge (dissenting).

The ticket purchased by the appellant was entitled in large bold type, "Cruise

Contract"; below, and under the heading "Terms of Contract," it stated: "The following stipulations are a part of this contract which must be signed by the passenger on the over page immediately on its receipt." This statement was also in large type. Twenty-one stipulations followed, and at the end thereof and just above the appellant's signature was the phrase, "I have read and fully understand the above conditions of this contract." Appellant's signature was placed at the very end of the page.

A condition as to notice of injury, in order to be effective and binding, must be incorporated or embodied in the contract. The Leviathan, 72 F.(2d) 286 (C.C.A.2). In that case we upheld a clause appearing on the face of the ticket which limited liability for damage to baggage. In Murray v. Cunard S. S. Co., 235 N.Y. 162, 139 N. E. 226, 26 A.L.R. 1371, a stipulation as to notice of injury was involved and it was held valid and binding. The contract contained provisions, similar to the ones here presented, making the "terms and conditions" a part of the contract; and, at the top of the contract, a printed notice was inserted stating: "The attention of the passengers is specifically directed to the terms and conditions of this contract."

In the case at bar, there was not a mere notice on the back of the ticket referring to conditions limiting liability as in The Majestic, 166 U.S. 375, 17 S.Ct. 597, 41 L.Ed. 1039, and Bellocchio v. Italia Flotte, etc., Line, 84 F.(2d) 975 (C.C.A.2). Nor did the appellee merely insert a notice on the face of the contract, but placed on one side thereof, referring to the conditions outlined on the back of the agreement. Maibrunn v. Hamburg-American S. S. Co., 77 F.(2d) 304 (C.C.A.2). The contract is one and entire and the conditions were made a part thereof.

The appellant had this ticket in his possession at least two days before surrendering it. If he did not become familiar with its terms in that time, he assumed the risk of carelessness, inattention, or ignorance. Murray v. Cunard S. S. Co. supra. It is immaterial that the appellant did not sign the ticket until after the cruise began. His original duty to sign persisted and the terms of the contract did not thereby become any the less binding.

I dissent.