## BARON et al. v. COMPAGNIE GENERALE TRANSATLANTIQUE.

### No. 130.

Circuit Court of Appeals, Second Circuit.
Dec. 11, 1939.

Adele I. Springer, of New York City, for appellants.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer, of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

## PATTERSON, Circuit Judge.

The action was to recover for personal injuries suffered by Sarah Baron while a passenger on the defendant's steamship Normandie. A cause of action by her·husband for loss of services was joined. Judge Mandelbaum dismissed the complaint at the close of the plaintiffs' case, on the ground that the · plaintiffs had failed to comply with a stipulation in the steamship. ticket requiring that notice of claim be given in writing within fifteen days after termination of the voyage.

The plaintiffs sailed from New York on July 10, 1935 as passengers on the steamer Normandie bound for Europe. Mrs. Baron sustained personal injuries aboard the vessel on July 14, 1935. The ticket which covered the plaintiff's passage contained a provision that the carrier should not be liable for any claim, including claim for bodily injuries, unless written claim therefor was lodged with the purser prior to the passenger leaving· the steamer (provided the passenger then knew of the injury) and in any event unless claim was made in writing and lodged with the carrier within fifteen days after the passenger left the steamer. There was also a provision that requirement of notice of claim could not be waived by an agent or employee of the carrier. The point principally contested is whether the provision regarding notice was part of the contract of transportation. The ticket was headed "Passage Contract. Subject to the Terms Stated on This Page and Overpage." Then came a blocked space across the page 'for the name of the steamer, ports, date of sailing, names of passengers, ocean ' fares. Beneath the space were the words in prominent red type, "Passengers should read the terms of the contract of carriage stated below and overpage, their particular attention being called to the limitations of liability therein contained." This sentence was followed by the heading "Terms of Contract—Read Before Accepting." The carrier's agreement to carry the passenger in consideration of the fare was then set forth, followed immediately by provisions in numbered paragraphs. The numbered paragraphs began near the foot of the page and continued over on the back. The paragraph relative to notice of claims was paragraph 6. At the end of the numbered paragraphs was the printed signature of the carrier.

On the day following the injury Mrs. Baron made an oral statement of the incident to the purser. She testified that the purser told her that she need do nothing further to notify the company. She also testified that a day or so after arrival in Europe she wrote a letter to the carrier, directing it not to hold accommodations for her on the return voyage, since the Normandie vibrated badly and she had sustained an injury on it. Beyond this she gave no notice prior to commencing suit five or six months later. The plaintiffs offered to show that they had not read the ticket.

The distinction laid down in The Majestic, 166 U.S. 375, 17 S.Ct. 597, 41 L.Ed. 1039, is between provisions in a steamship ticket which "amount only to notices and provisions which are formally incorporated into the contract of passage. Provisions that are mere notices are not operative, unless actually brought to the passenger's attention. Baer v. North German Lloyd, 2 Cir., 69 F.2d 88; Maibrunn v. Hamburg American S. S. Co., 2 Cir., 77

F.2d 304; Bellochio v. Italia Flotte Riunite Cosulich Line, 2 Cir., 84 F.2d 975; The Kungsholm, 2 Cir., 86 F.2d 703. On the other hand, provisions that appear on the ticket as part of the contract of passage embodied in the ticket are binding regardless of whether they were read by the passenger, provided they are not unlawful in content. The Leviathan, 2 Cir., 72 F.2d 286; Murray v. Cunard S. S. Co., 235 N.Y. 162, 139 N.E. 226, 26 A.L.R. 1371. In the present case the form of the ticket shows unmistakably that the numbered paragraphs under the heading "Terms of Contract" were incorporated textually into the contract of passage. The case is not to be distinguished from Murray v. Cunard S. S. Co., supra.

Of the authorities relied on by the plaintiffs, The Kungsholm, supra, is closest to this case. There the carrier's signature was not at the foot of the stipulations but was in the box on the face of the ticket. We regarded that fact as decisive against the carrier. In the present case the signature or authentication of the carrier appears at the foot of the "Terms of Contract," and at no other place. Everything printed on the ticket rebuts the contention that the contract of carriage was restricted to the blocked space for names, dates and fares. We see no escape from the conclusion that the provision requiring written notice of claim was part of the contract of transportation and was therefore binding on the plaintiff.

 It is argued that the time for notice of claim, fifteen days, was unreasonably short. We cannot adopt the argument. See Chesapeake & Ohio R. Co. v. McLaughlin, 242 U.S. 142, 37 S.Ct. 40, 61 L. Ed. 207; Erie R. Co. v. Stone, 244 U.S. 332, 37 S.Ct. 633, 61 L.Ed. 1173. A provision requiring notice within fifteen days would be invalid at the present time, by reason of the Act of August 29, 1935, 46 U.S.C.A. § 183b. The events involved in this action, however, occurred a month or more before enactment of that statute, and the statute is not to be given retroactive effect. United States v. St. Louis, etc., R. Co., 270 U.S. 1; 46 S.Ct. 182, 70 L.Ed. 435. It is also argued that the letter of Mrs. Baron was a compliance with the stipulation. The letter was a direction not to hold accommodations for the plaintiffs on a return voyage because the steamer vibrated and because Mrs. Baron had been injured. Such a letter is not a notice that the party sending it intends to make claim against the carrier for personal injuries. Anchor Line v. Jackson, 2 Cir., 9 F.2d 543. The purser had no authority to dispense with the requirement of notice, the contract having a provision explicitly so stating.

The judgment dismissing the complaint will be affirmed.