Era Mae **FURR**, Plaintiff,

v.

**SOCIETA ITALIANA TRANSPORTI MARITTIMI, GENOA, ITALY,** Defendant.

United States District Court
S. D. New York.
June 2, 1958.

**646**

Meadow, Morton & Meadow, New York City, for plaintiff.

Cunningham & Cichanowicz, New York City, for defendant.

BICKS, District Judge.

■ This suit was brought to recover for personal injuries allegedly sustained by plaintiff while she was a passenger on defendant's vessel, the S/S Castel Felice. The defendant has moved for summary judgment on the ground that the action was not commenced within the period provided for by the contract of passage.[1] The applicable provision of said ticket reads as follows:

"26. * * * Legal suits must be filed within one year from the date on which the accident took place, otherwise such legal action shall be deemed invalid."[2]

■ The well established rule in this Circuit is that a passenger is bound by all terms which form part of the contract whether he had actual knowledge of those terms or not; however, not all that appears on the face of the ticket necessarily forms part of the contract and as to such other notice provisions they are of binding effect only if brought to the knowledge of the passenger. The Majestic, 1898, 166 U.S. 375, 17 S.Ct. 597, 41 L.Ed. 1039; The Leviathan, 2 Cir., 1934, 72 F.2d 286; Baer v. North German Lloyd, 2 Cir., 1934, 69 F.2d 88; Maibrunn v. Hamburg-American S. S.

Co., 2 Cir., 1935, 77 F.2d 304; Foster v. Cunard White Star, 2 Cir., 1941, 121 F. 2d 12; Baron v. Compagnie Generale Transatlantique, 2 Cir., 1939, 108 F.2d 21; The Kungsholm, 2 Cir., 1936, 86 F. 2d 703; Bellocchio v. Italia Flotte Riunite Cosulich Line, etc., 2 Cir., 1936, 84 F.2d 975; Mulvihill v. Furness, Withy & Co., D.C.S.D.N.Y.1955, 136 F.Supp. 201.

The determination of precisely which provisions appearing on the face of the ticket are included in the contract between the parties is a matter not entirely free from doubt. The cases are clear that an incorporation of the text of the limiting provisions brings them within the contract. When an incorporation by reference is attempted, however, there is no clear principle to which the parties may turn for guidance in establishing what words are sufficient and where on the face of the ticket such words must appear to bring them within the contract.

One index which the courts in this Circuit have used is the placement of the signature of the carrier or its agent on the ticket. "[T]he contract is taken as those words which the carrier in some way authenticates by its own signature; notices and legends alongside are not part of it." Maibrunn v. Hamburg-American S. S. Co., supra [77 F.2d 306.] In that case the incorporation provision was "on the face of the ticket, but at one side of the printing and writing which formed the contract proper." To the same effect is The Kungsholm, supra, where the court, finding for the passenger, states [86 F.2d 704]: "It is true that printed matter to the right of this 'box'[3] is headed 'Cruise Contract' and states in large type, 'The following stipulations are a part of this contract

---

1. The action was commenced by the filing of a complaint on February 4, 1958. The injury was allegedly sustained on July 4, 1955.

2. The time period provided for in the clause is reasonable and in accord with our public policy. In 46 U.S.C.A. § 183b the Congress has determined that a one-year period is permissible. While

this case is not expressly governed by that section, the enactment is a declaration of public policy which is controlling here.

3. That part of the face of the ticket set off by heavy lines in which appears such matter as the date of sailing, name of passenger, accommodations, price, etc.

* * *.' But there is nothing above the carrier's signature to incorporate expressly or by reference any of the stipulations." See also Baron v. Compagnie Generale Transatlantique, supra, where in distinguishing The Kungsholm the court states [108 F.2d 23]: "There the carrier's signature was not at the foot of the stipulations but was in the box on the face of the ticket. We regard that fact as decisive against the carrier."

An examination of the cases reveals that in those where the disputed provision was clearly, in large type, and in an obvious place referred to in the ticket the passenger was generally held to its terms; but where the type was small and the attention of the passenger was not, by virtue of the physical format of the ticket, likely to be focused on the disputed provisions, the converse is true and the conditions were held not to be incorporated. Such is not the stated rule, but the reluctance of the courts to enforce such "contracts of adhesion," i. e. take-it-or-leave-it contracts, where one party has virtually no bargaining power, and in circumstances in which it is almost a certainty that the passenger is in ignorance of those terms to which he is sought to be bound, have led to highly refined, very formalized distinctions [4] difficult of application from case to case. "Our courts, in particular contexts, have, in effect, nullified many provisions of such agreements, if unfair to the weaker party * * *. Often our courts have done so by rather strained constructions of seemingly unambiguous language or by other indirect or 'back-door' methods." [5]

■■ The case at bar presents a fact situation which falls along the shadowed edges of the rule. Plaintiff's counsel in his affidavit has, however, conceded the very point in issue. He does not question the incorporation of the disputed clause in the contract of passage and ar-

gues only that said clause was in fine print. Under no existing rule can the size of the print alone determine whether a provision, admittedly part of a contract, is binding. Plaintiff has not seen fit to submit a brief nor to call our attention to any authority for the position he advances. Our research has unearthed no such case. We must assume that none exists. Accordingly, pursuant to the rule which now exists in this Circuit, the court is constrained to grant defendant's motion for summary judgment.

---

4. See Judge Swan's statement in The Kungsholm, supra, 86 F.2d at page 704, recognizing how formal and technical the stated rule is.

5. Dissent by Judge Frank in Siegelman v. Cunard White Star, 2 Cir., 1955, 221 F. 2d 189, 204. See also 65 Yale Law Journal 553 (1956); Kessler, Contracts of Adhesion, 43 Col.L.Rev. 629, 635 (1943).