**Dora S. MAYER and Simon Mayer,**
**Libelants,**

v.

**ZIM ISRAEL NAVIGATION COMPANY,**
**Ltd. and THE S.S. ISRAEL,**
**Respondents.**

United States District Court
S. D. New York.

July 10, 1959.

Jacob Rassner and Franken, Kramer & Bam, New York City, for libellants.

Kirlin, Campbell & Keating, New York City, for respondents.

CASHIN, District Judge.

This is a motion by respondents for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A. Libelants, Dora S. Mayer and Simon Mayer, seek to recover for injuries sustained by Dora S. Mayer while a passenger upon respondents' vessel, the S. S. Israel. On January 6, 1956, Mrs. Mayer boarded the S.S. Israel at Haifa, Israel, to come to the United States. Shortly after boarding the ship Mrs. Mayer fell from her bunk and sustained the injuries which are the subject of this suit.

Respondents ask for summary judgment on the basis of a time limitation of liability clause in the steamship ticket. Clause 5, of what is purported to be a ticket contract, states that—

"The Company shall not be liable for any claim whatsoever of the passenger unless full particulars thereof in writing be given to the Company or the Company's Agents within forty-eight hours after the passenger shall be landed from the Vessel, or in case the voyage is abandoned or broken up, within forty-eight hours thereafter. Suit to recover on

any claim shall not be maintainable in any event unless commenced within one year after the time above provided."

Although the accident took place on January 6, 1956, this suit was not instituted until November 1958.

Libelants claim that Dora S. Mayer could only speak and understand Bulgarian and Spanish at the time of the accident, and since the ticket was printed only in English and Hebrew that Mrs. Mayer cannot be held to its terms. This argument is not valid. Mrs. Mayer had the ticket in her possession for about two weeks. During this period she had ample opportunity to have it explained to her if she could not understand it. As was said in Horvath v. Cunard Steamship Co., D.C.E.D.N.Y.1952, 103 F.Supp. 356, 358, a case very similar to the instant one,—

"It is reasonable to assume that adults possess the capacity of asking somebody for an explanation of the terms and conditions".

Having disposed of the first issue there is the further question of whether or not the time limit clause was part of the contract between the parties. The entire ticket is about 21 inches long and approximately 6½ inches wide. The top 6 inches of the ticket contain five rectangular "boxes" which appear as one large "box". This "box" contains the name of the passenger, her address, the amount of the fare, the type of accommodations, where the vessel was leaving from and its final destination. It also contained, in the lower right-hand corner, the date and place issued and a place for the signature of the issuing agent, which appears to have been typed in. It is significant to note that there is no other space provided on the entire ticket for the agent's signature.

On top of this "box" are the words "ticket and contract". Underneath this "box" are the words "ticket contract" and there follows, in small English print, the various provisions of which the time limit clause is one. The other side of

the ticket contains the same provisions written in Hebrew, and also the names and addresses of respondents' offices and booking agents.

In The Kungsholm, 2 Cir., 1936, 86 F.2d 703, 704, the court, after citing many cases, stated that—

"These cases hold that stipulations affecting the carrier's liability must either be brought to the knowledge of the passenger or must be incorporated, at least by reference, into the very body of the contract, and that not all that is printed on the face of the ticket is necessarily within the body of the transportation contract. Concededly it is a very formal doctrine, but it is thoroughly established in this circuit."

In The Kungsholm, supra, the court found that only what was contained in the "box" was the actual contract. This was so despite the fact that the terms or provisions of the contract were right alongside of the "box" and stated in large type that "The following stipulations are a part of this contract which must be signed by the passenger on the overpage immediately on its receipt". However, the court found that there was nothing above the carrier's signature which incorporated these provisions or that the libelant had knowledge of them.

In the instant case the time limit clause comes after the agent's signature and there is nothing about this signature which incorporates that clause into the contract. Respondents cite many cases to support their position that the time limit clause is part of the contract, but in all of these cases either the agent's signature was after the clause in question or there was express language above the signature which incorporated the provisions or clauses in question. As has been stated, neither of these conditions have been met in the instant case.

Nor have respondents shown that libelant was aware of the clause before boarding the ship. In fact, all the evidence presented so far seems to show that libelant was unaware of the provision. How-

ever, this question does not have to be decided here in order to dispose of the present motion since it is a question of fact and thus will defeat the motion.

Respondents' motion for summary judgment is denied.

It is so ordered.