SLIDER *v.* PERE MARQUETTE RAILROAD CO.

1. CARRIERS—CONTRACTS—INJURY TO STOCK—NOTICE—VERIFICATION —WAIVER.

In an action for injury to horses while in defendant's possession under a contract of carriage which required a claim for damages to be verified by the affidavit of the shipper, said requirement was waived where defendant accepted and acted upon a notice in writing with a detailed statement of the damages claimed, which was attached to the receipt signed by him.

2. APPEAL AND ERROR—PLEADING—NOTICE—DIRECTED VERDICT.

Where defendant carrier failed to plead plaintiff's failure to give notice in accordance with contract of carriage, in an action for damages to horses, submission of the question to the jury resulted in no injury to defendant, as the court might have directed a verdict for plaintiff as a matter of law.

3. CARRIERS—CONTRACTS—CONSTRUCTION—CAUSE OF INJURY.
A clause in the contract of carriage providing for the carrier's nonliability was properly construed by the court below to mean that defendant carrier should not be liable for delay from causes beyond its control, and constituted no defense to an action for injuries to stock caused by· the derailment of the train. OSTRANDER, J., dissenting.

4. PARTIES—RECEIVERS—ACTION—DIRECTED VERDICT.
In an action against a railroad company and its receivers for injuries to stock received while the road was being operated by the latter, a motion for directed verdict in favor of defendant railroad, company should have been granted.

Error to Grand Traverse; Mayne, J. Submitted June 7, 1916. (Docket No. 23.) Decided March 29, 1917.

Assumpsit by Thaddeus Slider against the Pere Marquette Railroad Company and Dudley E. Waters and Paul H. King, receivers thereof, for damages to live stock in transit. Judgment for plaintiff. Defendants bring error. Reversed as to defendant railroad company and affirmed as to defendant receivers.

*Parker, Shields & Brown* (*S. L. Merriam* and *Covell & Cross*, of counsel), for appellant receivers.

*John C. Bills*, for appellant railroad company.

*J. R. Cropsey* (*P. C. Gilbert*, of counsel), for appellee.

BIRD, J. In March, 1915, plaintiff tendered to defendant railway at Chicago 23 horses to be transported to Thompsonville, in this State. The tender was accepted by defendant, but before they reached Thompsonville the train in which they were being conveyed was derailed, and as a result the horses were more or less injured. The defendants requested the court for a directed verdict on two grounds:

(1) Because of the failure of plaintiff to give notice

of his claim within the time prescribed by the contract of carriage.

(2) Because the derailing of the train was caused by events not under its control, and therefore, under the contract of carriage, it was not liable.

1. The contract of carriage included the provision:

"That no claim for damages which may accrue to the said shipper under this contract shall be allowed or paid by said carrier, or sued for in any court by the said shipper, unless a claim for such loss or damage shall be made in writing, verified by the affidavit of said shipper or his agent, and delivered to the tariff manager of said carrier at his office in Detroit within five days from the time said stock is removed from said car or cars."

It is the contention of the plaintiff that there was a substantial compliance with this provision of the contract except as to the verification, and as to that it was waived by defendant. Compliance therewith is shown in the following·manner: Upon delivery of the horses to plaintiff defendant's agent tendered him a receipt for his signature. Before signing he amended it by inserting over the words "in apparent good order" the words "stock damaged as per statement attached." In the attached statement the horses were numbered, and a detailed report of the injury to each horse was set forth. This notice was accepted by defendant without protest and acted upon, and at no time did defendant refuse to pay the damages because the notice was not verified, nor did it give notice under its plea that it would rely upon the lack of verification.

The obvious purpose of the notice is to advise defendant that a claim is made, so that a timely investigation of the facts can be made. The notice appears to have served this purpose, as it was acted upon by employing a veterinary to examine the horses and report their condition from time to time to the station agent. It is not apparent what further information the notice should have contained. The question wheth-

er the verification of the notice was waived was submitted to the jury. This resulted in no injury to defendant, as the court might very well have disposed of the question as one of law on the ground that defendant did not plead plaintiff's failure to give the notice in accordance with the contract. *Tobin* v. *Railway*, 192 Mich. 549 (159 N. W. 389), and cases cited.

2. By reason of the following provision of the contract defendant claims it is not liable for the damage to the horses:

"The said carrier, or any connecting carrier, shall not be liable for or on account of any injury sustained by said live stock occasioned by any or either of the following causes, to wit: Overloading, crowding one upon another, kicking or goring, suffocating, fright, burning of hay or straw or other material used for feeding or bedding, or by fire from any cause whatever, or by heat, cold or by changes in weather, or for delay caused by stress of weather, by obstruction of track, by riots, strikes or stoppage of labor, or from causes beyond their control."

The trial court held that the facts of the present case did not bring it within any of the exceptions mentioned. He was right in so holding. The words "or from causes beyond their control" have reference to the word "delay," which precedes them, and should be read the same as though the intervening qualifying words had been omitted, in which event it would have read "or for delay from causes beyond their control." With this construction the section would have no application to the present facts, because damages are not asked because of delay.

3. The trial court was requested to direct a verdict in behalf of the defendant Pere Marquette Railroad Company. This motion was denied. We find nothing in the record which would justify the judgment against the Pere Marquette Railroad Company. At the time the accident happened the railroad was being operated by the receivers.

The judgment will be affirmed as to the defendant receivers, and reversed as to the defendant Pere Marquette Railroad Company. The latter defendant will recover its costs against the plaintiff.

KUHN, C. J., and STONE, MOORE, STEERE, and BROOKE, JJ., concurred with BIRD, J.

OSTRANDER, J. The contract is not correctly interpreted in the opinion. Reading the contract with the law, I think plaintiff made no case, and that the judgment as to all defendants should be reversed.

PERSON, J., took no part in the decision.