WARREN ALLOY COMPANY *v.* BLAIR TRANSIT COMPANY.

1. Carriers—Notice of Claim for Damages—Waiver.

> The object of clause in uniform motor carrier's bill of lading that claim for damages must be filed in writing with the receiving or delivering carrier within 9 months after delivery as a condition precedent to recovery is to secure reasonable notice to the carrier and may not be waived.

2. Same—Notice of Claim for Damages.

> There was substantial compliance by plaintiff consignee with requirement in uniform motor carrier's bill of lading that written notice of claim for damages be filed within 9 months, where evidence shows that on second day after receipt of shipment defendant delivering carrier was verbally notified, that on the next day defendant made an inspection, found shipment damaged, and, with plaintiff, signed loss and damage inspection report, and that 5 days later plaintiff notified defendant in writing that latter was responsible and liable for damages in an amount to be determined as soon as cost of repair was ascertained.

Appeal from Oakland; Beer (William J.), J. Submitted June 7, 1961. (Docket No. 21, Calendar No. 48,656.) Decided June 29, 1961.

Case by Warren Alloy Company against Blair Transit Company, both Michigan corporations, for damage to goods in transit. Cause dismissed on motion. Plaintiff appeals. Reversed and remanded.

References for Points in Headnotes

[1] 9 Am Jur, Carriers § 804.
[2] 9 Am Jur, Carriers § 801.
    Sufficiency of compliance with stipulation requiring notice of claim for damages to shipment. 1 ALR 900; 175 ALR 1162.

*Langs, Molyneaux & Armstrong (Richard F. Molyneaux* and *Richard J. Langs,* of counsel), for plaintiff.

*Judson B. Robb,* for defendant.

KAVANAGH, J.   By this action against Blair Transit Company, a common carrier, plaintiff seeks to recover $3,363.35 for loss sustained as a result of damage in transit to a through shipment from Buffalo, New York, to Pontiac, Michigan, under a uniform motor carrier's bill of lading.   Defendant is the connecting and terminal carrier which delivered the shipment to plaintiff's plant at Pontiac, Michigan, on February 26, 1957.

The bill of lading under which this shipment was carried contained the following contractual provision pertaining to defendant's liability for damages to goods in transit:

"Sec. 2(b) As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier * * * within 9 months after delivery of the property.   * * *   Where claims are not filed * * * in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

On or about the 28th of February, 1957, plaintiff verbally notified defendant the equipment was damaged.   In response to this notification, and on or about March 1, 1957, defendant inspected the equipment and found it to be damaged.   On such date a form entitled "Loss and Damage Inspection Report" was completed and signed by agents for both plaintiff and defendant.   Such report detailed the extent and nature of the damage and that it was caused while in defendant's possession.   On March 6, 1957, plaintiff further notified defendant in writing that plain-

tiff held defendant responsible and liable for the damage caused to the equipment by the following letter:

"March 6, 1957

"Blair Trucking Company
"675 South Saginaw Street
"Pontiac, Michigan
"Attention: Mr. George Plank
"*Gentlemen:*
"We are filing a claim against your company for damages incurred in transit on 4 Westinghouse quick disconnect switches and cabinets.  This material was sent to Westinghouse for repair on March 5, 1957, in accordance with your report of March 1st, in which you stated that your company was aware of the extent of such damages.

"Westinghouse will notify us of the cost of such repair, at which time our claim for repayment will be forwarded to you.

"Very truly yours,
"WARREN ALLOY
"_____

"A. H. Stafford
"Material Control Manager"

Defendant moved that the declaration and cause of action be dismissed for the reason plaintiff failed to comply with the requirement of the bill of lading that claims be filed within 9 months from the date of delivery.

The trial court granted the motion to dismiss, finding that plaintiff's letter of March 6, 1957, and the "Loss and Damage Inspection Report" were mere expressions of intent to file a claim and that the letter and report did not constitute the filing of a claim within the provisions of the bill of lading.  From such finding plaintiff appeals.

The United States supreme court in *Georgia, Florida & Alabama R. Co.* v. *Blish Milling Co.*, 241

US 190, 193 (36 S Ct 541, 60 L ed 948), held that a telegram identifying the shipment and stating "We will make claim against railroad for entire contents of car at invoice price," was in substance the making of a claim within the meaning of the stipulation, the object of which was to secure reasonable notice.

This Court in *Snyder* v. *King,* 199 Mich 345 (1 ALR 893), with reference to a contention plaintiff shipper could not recover because he did not file a verified claim within 5 days as required under a uniform contract provision, stated (pp 355–357):

"In our opinion the only serious question here involved is whether there was a substantial compliance with the 5-day requirement. In the *Blish Milling Company Case* [*supra*] it was held that the parties could not waive conditions 'fixed by the agreement made under the published tariffs and regulations.' The court, however, reached the conclusion that a telegram sent by the plaintiff to the defendant to the effect that the shipper 'would make claim against the railroad for entire contents of car at invoice price,' taken in connection with other telegrams identifying the shipment, was a substantial compliance with the bill of lading provision in question, and therefore affirmed the Georgia court. In that case, Justice Hughes, after referring to the telegrams, and stating that the object of the stipulation was to secure reasonable notice, said (p 198):

" 'We think that it sufficiently apprised the carrier of the character of the claim, * * * and it is plain that no prejudice resulted. Granting that the stipulation is applicable and valid, it does not require documents in a particular form. It is addressed to a practical exigency, and it is to be construed in a practical way. The stipulation required that the claim should be made in writing, but a telegram which in itself or taken with other telegrams contained an adequate statement must be deemed to satisfy this requirement.'—citing cases.

"The object of the stipulation was reasonable notice. If the telegram was a substantial compliance with the stipulation in the *Blish Milling Company Case,* may not the report from the agent of the defendants at Hart to the office at Detroit, made after his own personal examination of the horses after they had been unloaded and under the circumstances stated, be deemed a substantial compliance with the contract in the instant case? We think so. An investigation by a claim agent followed, and there was no claim of surprise, or that defendants had been misled. In the *McLaughlin Case* [*Chesapeake & Ohio R. Co.* v. *McLaughlin,* 242 US 142 (37 S Ct 40, 61 L ed 207)] the stipulation was the same as in the instant case, and the court said:

" 'Upon its face the agreement seems to be unobjectionable, and nothing in the record tends to establish circumstances rendering it invalid or excuse failure to comply therewith.'

"We think this reaffirms the doctrine of the *Blish Milling Company Case,* which is therein cited. Plaintiff's counsel in this court do not claim that the 5-day clause can be waived, but that there was a substantial compliance with it, 'when the contract and the facts are given practical construction in the light of the practical exigency which existed in the case.' With this contention we agree."

In *Boyd* v. *King,* 201 Mich 436, Justice Steere, writing for this Court, after noting plaintiff had notified defendant twice by telegram that "we shall hold said P.M.R.R. Co. for all damages," continued (p. 441):

"Defendants were certainly advised promptly that a claim was made, so that a timely investigation of the facts could be had if desired, which is said to be the 'obvious purpose of the notice'." (Citing *Slider* v. *Pere Marquette R. Co.,* 194 Mich 581, and *Snyder* v. *King, supra.*)

The same rule of law applies to the facts in the instant case. The trial court erred in granting the motion to dismiss.

The order of dismissal is hereby reversed, and the case is ordered reinstated. Plaintiff shall have costs.

DETHMERS, C. J. and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.